# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued February 15, 2011          Decided July 1, 2011

No. 10-5072

ROGER BLACKWELL,
APPELLANT

v.

FEDERAL BUREAU OF INVESTIGATION AND UNITED STATES
DEPARTMENT OF JUSTICE,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:09-cv-00661)

*James H. Lesar* argued the cause and filed the briefs for appellant.

*David C. Rybicki*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Ronald C. Machen, Jr.*, U.S. Attorney, and *R. Craig Lawrence*, Assistant U.S. Attorney.

Before: ROGERS and KAVANAUGH, *Circuit Judges*, and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* KAVANAUGH, with whom *Circuit Judge* ROGERS and *Senior Circuit Judge* WILLIAMS join.

Concurring opinion filed by *Circuit Judge* ROGERS.

KAVANAUGH, *Circuit Judge*: Roger Blackwell was convicted of federal insider trading crimes. In this Freedom of Information Act suit, he seeks information from the FBI that he believes would show misconduct by the federal investigators and prosecutors handling his case. In response to Blackwell's FOIA request, the FBI produced many documents. But it redacted or withheld many other documents pursuant to various FOIA exemptions, including Exemption 7(C)'s protection for "personal privacy" and Exemption 7(E)'s protection for certain law enforcement techniques and procedures. Blackwell has challenged the legitimacy of the redactions and withholdings, the adequacy of the FBI's search for responsive documents, and the sufficiency of the FBI's *Vaughn* index describing the redacted and withheld documents. The District Court rejected Blackwell's arguments. We affirm.

I

In 2005, Roger Blackwell was convicted of 19 counts of insider trading and related offenses. He was sentenced to 6 years' imprisonment and fined $1 million. His convictions and sentence were upheld on direct appeal and in habeas proceedings. *See United States v. Blackwell*, 459 F.3d 739 (6th Cir. 2006) (affirming convictions and sentence); *Blackwell v. United States*, Crim. No. 2:04-cr-00134 (S.D. Ohio Mar. 30, 2010) (denying habeas motion).

Blackwell has consistently maintained that he is innocent. He claims that he was unjustly targeted and prosecuted by the Federal Government because of his wealth and public visibility. In 2007, he sent several FOIA requests to the FBI for, among other things, all documents related to key witnesses in his trial, as well as documents related to the costs of the investigation and prosecution.

When the FBI received Blackwell's FOIA request, it searched its databases for documents related to Blackwell, identifying 3319 pages of potentially responsive documents. Of those, it determined that 1869 pages were responsive. After applying the various FOIA exemptions, the FBI gave Blackwell 1103 pages in full and 557 pages in part. It withheld 209 pages in their entirety. In its response to Blackwell, the FBI stated that it had identified responsive documents by searching based on Blackwell's name alone and that it had withheld information related to third parties.

In this lawsuit, Blackwell alleged that the FBI failed to justify its redactions and withholdings under the claimed FOIA exemptions, that the FBI's search was inadequate, and that its *Vaughn* index was insufficient. The District Court granted summary judgment to the FBI on all issues. *Blackwell v. FBI*, 680 F. Supp. 2d 79, 96 (D.D.C. 2010). We review that decision de novo. *See Elliott v. Dep't of Agriculture*, 596 F.3d 842, 847 (D.C. Cir. 2010).

II

The Freedom of Information Act allows the public to obtain certain Executive Branch agency documents. *See* 5 U.S.C. § 552. The Act contains a number of exemptions. *See id.* § 552(b); *see also CIA v. Sims*, 471 U.S. 159, 166-67 (1985). Here, the FBI invoked Exemptions 7(C) and 7(E) to

withhold records requested by Blackwell.[1] Exemption 7(C) authorizes agencies to withhold "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Exemption 7(E) permits withholding of "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." *Id.* § 552(b)(7)(E).

Blackwell initially argues that the requested documents qualify for neither of those exemptions because they are not "records or information compiled for law enforcement purposes." 5 U.S.C. § 552(b)(7). Even if they qualify as law enforcement files, Blackwell contends that the FBI's claimed exemptions do not apply. We are not persuaded.

A

At the outset, Blackwell contends that the documents at issue in this case are not protected under either Exemption 7(C) or Exemption 7(E) because those exemptions apply only to "records or information compiled for law enforcement purposes." 5 U.S.C. § 552(b)(7). To show that the disputed

---

[1] The FBI invoked Exemptions 2 and 6 in addition to Exemptions 7(C) and 7(E). We need not consider Exemptions 2 and 6 because we conclude that the documents at issue fall within Exemption 7(C) or Exemption 7(E).

documents were "compiled for law enforcement purposes," the FBI need only "establish a rational nexus between the investigation and one of the agency's law enforcement duties and a connection between an individual or incident and a possible security risk or violation of federal law." *Campbell v. Dep't of Justice*, 164 F.3d 20, 32 (D.C. Cir. 1998) (internal quotation marks and citation omitted); *see also Keys v. Dep't of Justice*, 830 F.2d 337, 340 (D.C. Cir. 1987).

The FBI here says that the files requested by Blackwell were compiled for law enforcement purposes under that standard. The FBI's assertion is entitled to deference, *Campbell*, 164 F.3d at 32, and it is especially convincing in this case because Blackwell explicitly sought records related to his own criminal prosecution. The documents generated in the course of investigating and prosecuting Blackwell on insider trading charges were quite obviously related to the FBI's law enforcement duties. Thus, the documents sought in this case easily qualify as "records or information compiled for law enforcement purposes." 5 U.S.C. § 552(b)(7).

B

Blackwell challenges the FBI's invocation of Exemption 7(C). Exemption 7(C) authorizes the Government to withhold law enforcement records that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." *Id.* § 552(b)(7)(C).

As a result of Exemption 7(C), FOIA ordinarily does not require disclosure of law enforcement documents (or portions thereof) that contain private information. *See, e.g.*, *Martin v. Dep't of Justice*, 488 F.3d 446, 457 (D.C. Cir. 2007); *Boyd v. Criminal Division of the Dep't of Justice*, 475 F.3d 381, 387-88 (D.C. Cir. 2007); *Oguaju v. United States*, 378 F.3d 1115,

1117 (D.C. Cir. 2004); *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1205-06 (D.C. Cir. 1991).  As this Court has said, "privacy interests are particularly difficult to overcome when law enforcement information regarding third parties is implicated."  *Martin*, 488 F.3d at 457.  Moreover, "the Supreme Court has made clear that requests for such third party information are strongly disfavored."  *Id.*  That is particularly true when the requester asserts a public interest – however it might be styled – in obtaining information that relates to a criminal prosecution.

The relevant question here is whether Blackwell has shown government misconduct sufficient to overcome Exemption 7(C)'s protection for personal privacy under the test outlined in *National Archives & Records Admin. v. Favish*, 541 U.S. 157 (2004).  To obtain private information under the *Favish* test, the requester must at a minimum "produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred."  *Favish*, 541 U.S. at 174.  We conclude that Blackwell has failed to meet the demanding *Favish* standard.

The only support Blackwell offers for his allegation of government misconduct is his own affidavit, which recounts a litany of allegedly suspicious circumstances but lacks any substantiation.  His most inflammatory allegation – that "the prosecutor claimed he was not aware of any immunity agreement" with Blackwell's ex-wife's parents but that the agreement was later discovered "to be signed by the very same prosecuting attorney that denied its existence," Blackwell Decl. ¶ 9 – is utterly unsupported by references to the trial record.  Blackwell's claim that the Government deliberately allowed his former in-laws to flee the country and avoid subpoenas that would have required their testimony at trial, *id.* ¶ 11, is similarly unsupported.  He provides no

evidence that the Government even knew that the witnesses would be traveling, much less that it had allowed them to leave for the purpose of evading subpoenas. And he supplies no evidence to support his claim that his computers were "destroyed, and returned to [his] office in unusable condition," rendering them useless for his defense. *Id.* ¶ 23. He gives no pictures of the "destroyed" computers, no documentation by a computer expert verifying that they were "unusable." The affidavit alludes to the existence of such evidence, but Blackwell did not provide it to the District Court. *Id.* ¶ 25. In short, Blackwell has not come close to meeting the demanding *Favish* standard for challenging the FBI's invocation of FOIA Exemption 7(C).

C

Blackwell also contests the FBI's assertion of Exemption 7(E). That exemption permits withholding of law enforcement records "to the extent that the production of such law enforcement records or information . . . would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E).

This Court has stated that "the exemption looks not just for circumvention of the law, but for a risk of circumvention; not just for an actual or certain risk of circumvention, but for an expected risk; not just for an undeniably or universally expected risk, but for a reasonably expected risk; and not just for certitude of a reasonably expected risk, but for the chance of a reasonably expected risk." *Mayer Brown LLP v. IRS*, 562 F.3d 1190, 1193 (D.C. Cir. 2009). Under our precedents, Exemption 7(E) sets a relatively low bar for the agency to

justify withholding: "Rather than requiring a highly specific burden of showing how the law will be circumvented, exemption 7(E) only requires that the [agency] demonstrate logically how the release of the requested information might create a risk of circumvention of the law." *Id.* at 1194 (internal quotation marks and alterations omitted).

The FBI invoked Exemption 7(E) here with respect to two kinds of information. The first was "details about procedures used during the forensic examination of a computer" by an FBI forensic examiner. Hardy Decl. ¶ 70. Forensic examination procedures are undoubtedly "techniques" or "procedures" used for "law enforcement investigations." Thus, the FBI needed only to "demonstrate logically how the release of the requested information might create a risk of circumvention of the law." *Mayer Brown LLP*, 562 F.3d at 1194 (alterations omitted). To that end, David Hardy, Chief of the FBI's Record/Information Dissemination Section, explained that, "[t]he release of specifics of these investigative techniques would risk circumvention of the law by individuals who seek to utilize computers in violation of laws. By releasing that information, the FBI would be exposing computer forensic vulnerabilities to potential criminals." Hardy Decl. ¶ 45. That explanation satisfies the Exemption 7(E) standard.

The FBI also invoked Exemption 7(E) to protect "methods of data collection, organization and presentation contained in ChoicePoint reports." Hardy Decl. ¶ 71. Hardy explained that "the manner in which the data is searched, organized and reported to the FBI is an internal technique, not known to the public," and the "method was developed by ChoicePoint to meet the specific investigative needs of the FBI." *Id.* ¶ 46. Hardy also said that disclosure of the reports "could enable criminals to employ countermeasures to avoid

detection, thus jeopardizing the FBI's investigatory missions." *Id.* These statements logically explain how the data could help criminals circumvent the law, and that suffices here to justify invocation of Exemption 7(E). *See Mayer Brown LLP*, 562 F.3d at 1194.

## III

We briefly address two additional matters:

Blackwell contends that the FBI's search for responsive documents was inadequate because the Bureau did not search its databases using the names of the individuals he had specifically mentioned in his request. The FBI counters that it "will not conduct searches on third parties in the absence of proofs of death or privacy waivers from these individuals, or an articulation by a requester of a strong public interest that outweighs any privacy interest." Second Hardy Decl. ¶ 7. Because a search for records "pertaining to" specific individuals, *see* FOIA Request of Dr. Roger Blackwell (Aug. 27, 2007), would have added only information that we have concluded is protected by Exemption 7(C), it follows that the FBI was correct in declining to search for such documents.

Blackwell also says that the FBI's *Vaughn* index of withheld documents was inadequate primarily because it failed to provide context for certain documents that had been entirely withheld. But the second Hardy declaration provided a concise explanation for each of these withheld documents. *See* Second Hardy Decl. ¶¶ 11-12. Blackwell's *Vaughn* index argument is therefore unavailing.

10

* * *

We affirm the judgment of the District Court.

*So ordered.*

ROGERS, *Circuit Judge*, *concurring*: I write separately to make clear that the court rejects the government's broadly stated position that under the Freedom of Information Act ("FOIA"), "a FOIA requester's desire to obtain *Brady*[1] material is not a public interest for purposes of Exemption 7(C)." Appellee's Br. 22. To the extent the government's position suggests that when a requester seeks exculpatory evidence for purposes of a direct appeal or a collateral attack on his conviction disclosure of such information is categorically not in the public interest for purposes of FOIA Exemption 7(C), this misreads precedent. To the contrary, an individual's "personal stake in the release of the requested information is 'irrelevant' to the balancing of public and third-party privacy interests required by Exemption 7(C)," *Roth v. Dep't of Justice*, No. 09-5428, slip op. at 23 (D.C. Cir. June 28, 2011) (quoting *Mays v. DEA*, 234 F.3d 1324, 1327 (D.C. Cir. 2000)), and "the public might well have a significant interest in knowing whether the federal government engaged in blatant *Brady* violations," *id.* This court has not applied a *per se* rule and does not do so today. *See, e.g.*, *Boyd v. Crim. Div. of the U.S. Dep't of Justice*, 475 F.3d 381, 387–88 (D.C. Cir. 2007); *see also Martin v. Dep't of Justice*, 488 F.3d 446, 453, 456–58 (D.C. Cir. 2007).

The court applies the standard in *National Archives & Records Administration v. Favish*, 541 U.S. 157 (2004), whereby a FOIA requester, to overcome the government's authority not to disclose pursuant to Exemption 7(C), must "produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." *id.* at 174. With no additional thumb on the scale, the court concludes that Blackwell does not meet this standard. Op. at 6. Because Blackwell has not as an evidentiary matter demonstrated that the government failed to comply with its duty of disclosure of exculpatory material at the time of his trial or appeal or that it is

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

currently withholding evidence that demonstrates his innocence of the crimes of which he was convicted, his request fails under the *Favish* standard; no *per se* rule is applied.