# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued February 23, 2018       Decided June 26, 2018

No. 17-5122

RYAN NOAH SHAPIRO,
APPELLANT

v.

UNITED STATES DEPARTMENT OF JUSTICE,
APPELLEE

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:13-cv-00729)

———

*Jeffrey Light* argued the cause and filed the briefs for appellant.

*Jane M. Lyons*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Jessie K. Liu*, U.S. Attorney, and *R. Craig Lawrence*, Assistant U.S. Attorney.

Before: ROGERS and TATEL, *Circuit Judges*, and SENTELLE, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* SENTELLE.

SENTELLE, *Senior Circuit Judge*: Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, appellant-plaintiff Ryan Shapiro sought records from the Federal Bureau of Investigation ("FBI") relating to a deceased Internet activist. Following a search, the FBI released twenty-one responsive pages but redacted portions pursuant to exemptions from FOIA. Shapiro filed suit against the Department of Justice ("DOJ") for violating FOIA, arguing that the FBI incorrectly asserted FOIA exemptions and that its search was inadequate. During the pendency of the litigation, the FBI identified additional responsive pages, but withheld some of the additional pages and redacted portions of others pursuant to FOIA exemptions. Shapiro asserted objections to the FBI's application of FOIA exemptions to these pages as well. In a series of three opinions, the district court affirmed the FBI's assertion of FOIA exemptions and the adequacy of the FBI's search, granted the DOJ's motion for summary judgment, and denied Shapiro's cross-motion for summary judgment. Shapiro appealed.

We agree with the district court that the FBI met its burden to demonstrate that its withholdings and redactions were justified under the FOIA exemptions. Therefore, we affirm the district court's grant of summary judgment in favor of the DOJ and denial of Shapiro's motion for summary judgment with regard to the FBI's assertion of FOIA exemptions. As to the adequacy of the FBI's search, we remand with respect to the records from FBI case identification number 315T-HQ-C1475879-IP, serial 91 ("Serial 91"). The FBI released a redacted version of Serial 91 to Shapiro following oral arguments. Accordingly, as to Serial 91, we

vacate the district court's decision on the cross-motions and remand to the extent that any further proceedings are necessary.

## I.  Background

On January 14, 2013, appellant-plaintiff Shapiro made a FOIA request seeking FBI records "relating or referring to the deceased person Aaron H. Swartz."  Swartz, the subject of Shapiro's FOIA request, committed suicide while awaiting a criminal trial for alleged unauthorized computer intrusions.

"FOIA mandates broad disclosure of government records to the public, subject to nine enumerated exemptions." *Wolf v. CIA*, 473 F.3d 370, 374 (D.C. Cir. 2007) (citation omitted); *see* 5 U.S.C. § 552(b).  In response to Shapiro's FOIA request, the FBI searched its Request Tracking System and its Central Records System for variations of Swartz's name and appropriate cross-references.  After reviewing twenty-three responsive pages, the FBI released twenty-one pages in full or in part, labeled Swartz-1 through Swartz-21, and deleted two pages as duplicates, Swartz-22 and Swartz-23.  Of the twenty-one released pages, seventeen pages were redacted pursuant to FOIA Exemptions 6 and 7.  Exemption 6 protects personally identifying or private information.  5 U.S.C. § 552(b)(6). Exemption 7 allows the government to withhold "records or information compiled for law enforcement purposes" if the release of that information meets one of six conditions.  *Id.* § 552(b)(7).

Shapiro administratively appealed the FBI's FOIA response, arguing that the FBI's search was inadequate and that the FBI erred in asserting FOIA exemptions.  The FBI failed to respond to Shapiro's administrative appeal within the statutorily mandated time.  On May 20, 2013, Shapiro filed suit

against the DOJ, as the FBI's parent agency, for violating FOIA.

On July 22, 2013, the DOJ moved for summary judgment. The DOJ's motion was supported by the declaration of David Hardy, an FBI employee from the Records Management Division, which explained the scope of the search and the reasons for the FBI's assertion of FOIA exemptions. Shapiro opposed the DOJ's motion, and filed a cross-motion for summary judgment. Shapiro argued that the FBI's search was inadequate, complained of missing enclosures, argued that the FBI improperly applied FOIA exemptions, and asserted that the FBI should not have redacted the names of its databases.

While the motions were pending, the FBI altered its position regarding some of its redactions and submitted a declaration from Dennis Argall, another FBI employee in the Records Management Division. Argall's declaration acknowledged the identity of the database used by the FBI, "Accurint," because it posed "no harm," and he rescinded a reference to a different database, "Guardian," that had been made in error. Argall further stated that the FBI was releasing "two enclosures" that Shapiro had identified as missing.

On March 31, 2014, the district court issued its first opinion on the cross-motions for summary judgment. *Shapiro v. DOJ*, 34 F. Supp. 3d 89 (D.D.C. 2014). To reach its opinion, the district court performed an *in camera* inspection of the unredacted documents. *Id.* at 93. The district court held that the FBI appropriately applied FOIA Exemptions 6 and 7 to the redactions on the responsive documents and granted in part summary judgment in favor of the DOJ and denied in part Shapiro's cross-motion. *Id*. at 99-100. As to the adequacy of the search, the district court held the cross-motions in abeyance

until the FBI performed additional searches or provided further explanation about why additional searches are unnecessary. *Id.*

While the motions were held in abeyance, the FBI reviewed material released in connection with another requester's previously submitted FOIA request. The FBI identified sixty-eight additional responsive pages generated from this request that was not previously released to Shapiro, labeled Swartz-24 through Swartz-91. However, the FBI asserted FOIA Exemptions 3, 6, and 7, to redact or withhold some of these documents. The FBI withheld nine pages, redacted parts of twenty-three pages, deleted one page as a duplicate, and released the remainder of the pages to Shapiro.

On September 7, 2016, the district court issued its second opinion on the cross-motions for summary judgment. *Shapiro v. DOJ*, 205 F. Supp. 3d 68 (D.D.C. 2016). The district court relied on Hardy's second and third declarations describing the scope of the search and the FBI's rationale in asserting FOIA exemptions over the sixty-eight additional pages. *Id.* The district court held that the FBI search was sufficient, and granted the DOJ's motion for summary judgment as to the adequacy of the search and denied Shapiro's cross-motion on the same issue. *Id.* at 74-75. However, the court also opined that the DOJ failed to offer sufficient rationale for the FBI's assertion of FOIA Exemptions 3 and 7(E), and once again held the cross-motions in abeyance for the DOJ to provide additional briefing. *Id.*

In additional briefing, the FBI provided a fourth declaration from Hardy, explaining its application of FOIA exemptions. Shapiro withdrew his objection to the FBI's assertion of FOIA Exemption 3, but he continued to take issue with the FBI's assertion of FOIA Exemption 7(E), arguing that the FBI had no valid reason to withhold items that came from

the Accurint database. On April 20, 2017, the district court issued its third opinion, "find[ing] that the government has provided sufficient justification as to the documents it has withheld pursuant to FOIA Exemption 7(E)." *Shapiro v. DOJ*, 249 F. Supp. 3d 502 (D.D.C. Apr. 20, 2017). The court granted the DOJ's motion for summary judgment, denied Shapiro's cross-motion, and entered final judgment in favor of the DOJ. Shapiro timely appealed the district court judgment.

## II. Analysis

Shapiro alleges error in three determinations by the district court underlying its grant of summary judgment in favor of the DOJ. First, Shapiro argues that the district court erred by holding that the FBI's search was adequate, arguing that the agency failed to follow a reference to a case identification number found in a responsive record. Second, Shapiro argues that the district court erred by allowing the FBI to assert FOIA Exemption 7(E) to withhold reports generated by the Accurint database and the identity of the database. Third, Shapiro argues that the district court erred by failing to order the FBI to release Swartz-3A, 3B, 9A, 9C, and 56.

We review de novo a district court's grant of summary judgment. *ACLU v. DOJ*, 655 F.3d 1, 5 (D.C. Cir. 2011). "In the FOIA context this requires that we ascertain whether the agency has sustained its burden of demonstrating that the documents requested are . . . exempt from disclosure under [ ] FOIA." *Public Inv'rs Arbitration Bar Ass'n v. SEC*, 771 F.3d 1, 3 (D.C. Cir. 2014) (alteration in original). Typically, the agency demonstrates the applicability of a FOIA exemption by providing affidavits regarding the claimed exemptions. *See ACLU v. Dep't of Def.*, 628 F.3d 612, 619 (D.C. Cir. 2011). "If an agency's affidavit describes the justifications for withholding the information with specific detail, demonstrates

that the information withheld logically falls within the claimed exemption, and is not contradicted by contrary evidence in the record or by evidence of the agency's bad faith, then summary judgment is warranted on the basis of the affidavit alone." *Id.* Generally, "an agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'" *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009).

## A. Serial 91

We first consider Shapiro's argument that the FBI's search was inadequate because it failed to release records from Serial 91. Serial 91 is a case identification number associated with Swartz's personal web site, www.aaronsw.com. During oral arguments, the government's counsel averred that the FBI would turn over this case file. Subsequently, the government notified the Court that the FBI turned over these documents to Shapiro, with redactions consistent with the redactions in the other documents it had already released. Accordingly, with respect to Serial 91, we vacate the district court's grant of summary judgment in favor of the DOJ and the district court's denial of Shapiro's cross-motion for summary judgment, and remand this issue to the court for any further proceedings necessitated by the redactions.

## B. Accurint Database

Shapiro next argues that the district court erred by allowing the FBI to assert Exemption 7(E) to withhold documents Swartz-83 through 89 because they were generated by the Accurint database and redact the identity of the database. The Accurint database is a commercially-available database that provides public information, such as deeds, death certificates, and court filings, to assist law enforcement investigations and threat-tracking.

To justify withholding records under FOIA Exemption 7, the government must show that the documents are part of "investigatory records compiled for law enforcement purposes" and the government must also satisfy one of the conditions within the exemption. *Pratt v. Webster*, 673 F.2d 408, 413 (D.C. Cir. 1982). The FBI asserts subpart 7(E) to withhold information from the Accurint database, which allows it to withhold responsive records "to the extent that the production of such law enforcement records or information . . . would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). Under this exemption, the FBI only needs to "demonstrate[] logically how the release of [the requested] information might create a risk of circumvention of the law." *Mayer Brown LLP v. IRS,* 562 F.3d 1190, 1194 (D.C. Cir. 2009) (alterations in original). This is "a relatively low bar." *Blackwell v. FBI,* 646 F.3d 37, 42 (D.C. Cir. 2011).

Withholding Accurint records is inappropriate, Shapiro argues, because the FBI has already disclosed other records from an Accurint search and acknowledged the existence of the database, withdrawing its other 7(E)-based exemptions during the course of this litigation. Shapiro supports his argument by pointing out that Accurint is a commercially-available product, and the publically-available User Guide lists every data field available to search.

However, contrary to Shapiro's reasoning, even if a database is available and its search terms are available to the public, the methods that the FBI uses to search the database and what results it considers meaningful from Accurint's large

dataset can reveal law enforcement techniques and procedures. We allow the FBI to withhold records under Exemption 7(E) on the basis that releasing them would provide information on how a database is "searched, organized and reported." *Blackwell v. FBI*, 646 F.3d at 42.

The fact that all Accurint's search fields are listed in the User Guide does not mean that the FBI must release information that discloses specifically how it uses the search functionality or which searches it performed in the Swartz case. The FBI explained that, in this case, releasing these Accurint searches would reveal information to criminals regarding the "scope, capabilities, and vulnerabilities" of its investigations. The FBI contends that releasing these documents could provide information on its use of Accurint that would potentially allow a criminal to deploy countermeasures to "throw [the] FBI off their trail." Though the capabilities of Accurint might be known to the public, the FBI's methods of managing the database are generally not known.

Because the FBI has met its burden of providing a logical explanation of how disclosing its Accurint search methods could present a risk of circumvention of the law, we affirm the district court's grant of summary judgment in favor of the DOJ on this issue.

### C. Swartz-3A, 3B, 9A, 9B, and 56

Finally, Shapiro argues that the district court erred when it did not order the release of Swartz-3A, 3B, 9B, 9C, and 56. Admittedly, the record is "less than artful" regarding the status of these documents and the briefings reflect some confusion between the parties.

Shapiro contends that the Argall declaration states that the FBI would release "two enclosures," but he only received one page (Swartz-9A). The DOJ clarified that Swartz-3A, 3B, 9A, 9B, and 9C were the contents of the two enclosures. The FBI withheld four of these pages (Swartz-3A, 3B, 9B, and 9C) pursuant to FOIA exemptions.

We disagree with Shapiro's contention that the FBI "failed to provide a justification" for withholding any of these documents. Exhibit B to Argall's declaration clearly states that the FBI asserted Exemptions 6, 7(C), and 7(E) to withhold the four pages. FOIA Exemption 7(C) allows the FBI to withhold responsive records to protect the privacy rights of individuals connected to a law enforcement investigation, such as investigators, suspects, witnesses, and informants. 5 U.S.C. § 552(b)(7)(C); *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1115 (D.C. Cir. 2007).

Shapiro also argues that the district court erred in its analysis because it assumed that Swartz-3A and 3B were duplicates of Swartz-9B and 9C and that Swartz-9B and 9C were only redacted in part rather than withheld in full. These errors, Shapiro argues, means that the district court failed to address his objection to the application of FOIA exemptions with respect to these documents.

Even if the district court mistakenly assumed that Swartz-3A and 3B were duplicates, that does not alter the outcome of the analysis. *See Shapiro*, 34 F. Supp. 3d at 93. The district court determined that the FBI's redactions under Exemptions 6 and 7(C) were personal information associated with a law enforcement investigation and that disclosing the personal information "would constitute an unwarranted invasion of privacy." *Id.* at 96-97. The district court's analysis is as applicable to Swartz-3A, 3B, 9B, and 9C, as it is to the

other redacted or withheld documents under these FOIA exemptions. For the reasons stated by the district court, the FBI met its burden to demonstrate these exemptions were applicable. Therefore, we affirm the district court's grant of summary judgment in favor of the DOJ with respect to Swartz-3A, 3B, 9B, and 9C.

Next, Shapiro argues that Swartz-56 should have been released because the FBI withdrew its assertion of Exemption 7(E) over this document. However, the FBI also asserted Exemption 6, which it did not withdraw. Shapiro's appeal does not address the FBI's application of Exemption 6. Therefore, Shapiro is not entitled to have Swartz-56 released.

## III. Conclusion

We affirm the district court's grant of summary judgment in favor of the DOJ and its denial of Shapiro's cross-motion for summary judgment, except for the records in Serial 91. With respect to Serial 91, we vacate the district court's grant of summary judgment in favor of the DOJ and its denial of Shapiro's cross-motion for summary judgment, and remand to the extent that any additional proceedings on this issue are necessary.

*So ordered.*