# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SAMANTHA ELIZABETH BRAGG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-214 (EGS) |
| | ) | |
| FEDERAL BUREAU | ) | |
| OF INVESTIGATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff filed this action *pro se* under the Freedom of Information Act (FOIA) to obtain records from the Federal Bureau of Investigation (FBI) pertaining to herself (first-party request) and a third-party individual (third-party request).[1]  On September 20, 2020, during the course of this litigation, Defendant released first-party records to Plaintiff and on February 19, 2021, moved for summary judgment, ECF No. 19.  In the motion, which Plaintiff has not opposed, Defendant also seeks dismissal of the claim for third-party records based on Plaintiff's failure to exhaust her administrative remedies by appealing its denial of such records to the Office of Information Policy (OIP).  For the following reasons, the Court will (1) grant the motion for summary judgment as to the released records and (2) dismiss the unexhausted claim without prejudice.

---

[1]  "For administrative tracking purposes, FBI separated Plaintiff's request into two (2) different requests in its FOIA Document Processing System ("FDPS"), assigning a separate FOIPA Request Number, and issued separate responses to address: 1) Plaintiff's request for records on herself and 2) Plaintiff's request for [the third-party] records."  Def.'s Stmt. of Material Facts Not in Gen. Dispute ¶ 2, ECF No. 19-2.

On February 22, 2021, the Court advised Plaintiff about her obligation to respond to Defendant's dispositive motion by March 26, 2021, and the potential adverse consequences if she failed to comply. Order, ECF No. 20. Plaintiff has neither complied with the order nor requested additional time to do so. Therefore, with respect to the claim for third-party records, the Court finds that Plaintiff has conceded the exhaustion defense, which is "a substantive ground for rejecting a FOIA claim in litigation." *Bayala v. United States Dep't of Homeland Sec., Office of Gen. Counsel*, 827 F.3d 31, 35 (D.C. Cir. 2016); *see* Decl. of Michael G. Seidel ¶ 7, ECF No. 19-3 (attesting that "the FBI has no record of Plaintiff [having] submitted an appeal to OIP"). Accordingly, the claim seeking third-party records will be dismissed without prejudice. *See Hidalgo v. FBI*, 344 F.3d 1256, 1260 (D.C. Cir. 2003) (vacating summary judgment and remanding case "with instructions to the district court to dismiss the [unexhausted FOIA] complaint" under Rule 12(b)(6) for failure to state a claim upon which relief can be granted).

With respect to the claim seeking first-party records, the Court is satisfied from its independent examination of the evidentiary record that Defendant has fully complied with FOIA by disclosing all reasonably segregable responsive records. The declarant has described in sufficient detail a reasonably calculated search, which located 230 responsive pages. *See* Seidel Decl. ¶¶ 19-23. It is undisputed that the pages were released to Plaintiff, and the declarant has adequately justified the redaction of third-party identifying information from just three of those pages, pursuant to FOIA Exemptions 6 and (7)(C), codified in 5 U.S.C. § 552(b). *See* Seidel Decl.. ¶¶ 39-47; *cf. Blackwell v. FBI*, 646 F.3d 37, 41 (D.C. Cir. 2011) ("As a result of Exemption 7(C), FOIA ordinarily does not require disclosure of law enforcement documents (or portions thereof) that contain private information."). In the absence of any contravening

evidence, therefore, the Court concludes as to the first-party records that Defendant is entitled to judgment as a matter of law. A separate order accompanies this Memorandum Opinion.

SIGNED:    EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE

Date: September 21, 2021