# United States Court of Appeals

## For the Eighth Circuit

_____

No. 21-2502

_____

Nicholas Xanthopoulos

*Plaintiff*

T. Keith Fogg

*Plaintiff - Appellant*

v.

Internal Revenue Service

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: March 16, 2022
Filed: June 3, 2022

_____

Before GRASZ, STRAS, and KOBES, Circuit Judges.

_____

GRASZ, Circuit Judge.

T. Keith Fogg seeks to compel disclosure under the Freedom of Information Act ("FOIA") of the terms of a tax professional authentication process contained within the Internal Revenue Manual ("IRM"). *See* 5 U.S.C. § 552. The district court

granted summary judgment in favor of the Internal Revenue Service ("IRS") after concluding the requested material was properly withheld pursuant to 5 U.S.C. § 552(b)(7)(E) (hereinafter "Exemption 7(E)"). In doing so, the district court denied Fogg's request for in camera inspection of the withheld IRM material. We reverse and remand for in camera inspection.

## I. Background

Under IRM § 21.1.3.3, IRS employees must authenticate the identities of third-party representatives who contact the IRS on behalf of a taxpayer requesting sensitive taxpayer information. IRM § 21.1.3.3 (June 21, 2021), available at https://www.irs.gov/irm/part21/irm_21-001-003. In January 2018, the IRS changed its authentication procedures, requiring third-party representatives to provide their Social Security Numbers to IRS employees before the IRS releases sensitive taxpayer information.

Prior to Fogg's FOIA request, the IRS publicly published part of IRM § 21.1.3.3. However, the IRS redacted portions of § 21.1.3.3 allegedly relating to "specialty situations" in which the IRS uses "unique" authentication procedures to combat unauthorized disclosure of sensitive taxpayer information, identity theft, and criminal fraud.

In June 2019, Fogg and Nicholas Xanthopoulos[1] submitted a FOIA request to the IRS seeking disclosure of the terms of a third-party authentication process set forth within IRM § 21.1.3.3. Fogg sought disclosure of the withheld IRM material, in part, to understand how the IRS used or retained tax professionals' data collected under the new procedures.

In August 2019, the IRS denied Fogg's request, stating it would continue to withhold the redacted portions of IRM § 21.1.3.3 pursuant to Exemption 7(E) on the

---

[1]Xanthopoulos is not a party on appeal.

-2-

basis the materials were investigative or prosecutorial law enforcement techniques or procedures. Fogg and Xanthopoulos filed an administrative appeal, again seeking disclosure. The IRS affirmed the denial on appeal.

Fogg and Xanthopoulos then sued the IRS in federal court, pursuant to 5 U.S.C. § 552(a)(4)(B). The IRS moved for summary judgment and attached a declaration from IRS attorney Kilsy Barnes ("Barnes Declaration") contending Exemption 7(E) authorized the IRS to continue withholding the IRM material. Fogg and Xanthopoulos cross-moved for summary judgment, arguing the withheld portions were not investigative or prosecutorial law enforcement techniques or procedures within the meaning of Exemption 7(E). Fogg requested that the district court conduct an in camera inspection of the redacted material.

While Fogg's suit was pending in district court, the IRS revised IRM § 21.1.3.3 and voluntarily disclosed two previously withheld portions to the public. The litigation continued over the remaining redactions.

The district court granted the IRS's motion for summary judgment and denied both Fogg's cross-motion for summary judgment and his request for in camera inspection. Fogg appeals from the judgment.

## II. Analysis

We review the district court's grant of summary judgment de novo. *Missouri Coal. for Env't Found. v. U.S. Army Corps of Eng'rs*, 542 F.3d 1204, 1209 (8th Cir. 2008). In the FOIA context, summary judgment is available to the agency where it "proves that it has fully discharged its obligations under FOIA, after the underlying facts and inferences to be drawn from them are construed in the light most favorable to the FOIA requester." *Id.* (quoting *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1382 (8th Cir. 1985)). We review the district court's denial of in camera inspection for abuse of discretion. *Peltier v. F.B.I.*, 563 F.3d 754, 759 (8th Cir. 2009).

The purpose of FOIA is "to provide wide-ranging public access to government documents." *Missouri Coal.*, 542 F.3d at 1208 (quoting *Miller v. U.S. Dep't of Agric.*, 13 F.3d 260, 262 (8th Cir. 1993)). FOIA favors disclosure of "official information long shielded unnecessarily from public view," save for certain circumstances arising under an enumerated exemption. *Id.* (quoting *EPA v. Mink*, 410 U.S. 73, 80 (1973)).

This appeal arises under Exemption 7(E), one of nine statutory exemptions to disclosure pursuant to a FOIA request. *See* 5 U.S.C. § 552(b). These exemptions are limited and "do not obscure the basic policy that disclosure, not secrecy, is the dominant objective of [FOIA]." *Miller*, 13 F.3d at 262 (quoting *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976)). Therefore, we narrowly construe the exemptions. *Milner v. Dep't of Navy*, 562 U.S. 562, 565 (2011). Furthermore, "the burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B).

To meet its burden under Exemption 7(E), the IRS must, as a threshold matter, show the withheld IRM material was "compiled for law enforcement purposes." 5 U.S.C. § 552(b)(7)(E). This determination should be made according to the "ordinary, contemporary, common meaning" of those terms when FOIA was enacted. *Food Mktg. Institute v. Argus Leader Media*, 139 S. Ct. 2356, 2362 (2019) (quoting *Perrin v. United States*, 444 U.S. 37, 42 (1979)). A court cannot expand or constrict the exemption beyond what its terms permit. *Id.* at 2366.

Courts determine whether the agency met its burden by "review[ing] the adequacy of the affidavits and other evidence presented by the Government in support of its position, utilizing an *in camera* examination of the manual itself as an aid in determining whether the Government's affidavits are accurate and made in good faith." *Cox v. Dep't of Just.*, 576 F.2d 1302, 1311 (8th Cir. 1978). If the agency's description of the withheld material "adequately states its grounds for nondisclosure, and if those grounds are reasonable and consistent with the applicable law, the district court should uphold the Government's position." *Id.*

-4-

The district court did not conduct an in camera inspection here. We are therefore limited to reviewing the adequacy of the IRS's evidence and affidavit. *See Missouri Coal.*, 542 F.3d at 1210.

Although we find no evidence of bad faith by the IRS, the Barnes Declaration contains a legal error in at least one respect: it states "the I.R.M. generally" is "compiled for law enforcement purposes because the I.R.M. is an internal manual for the IRS, a law enforcement agency."

The Barnes Declaration erroneously characterizes the IRS as only a law enforcement agency. The IRS is instead a federal agency with mixed law enforcement and administrative functions. *Tax Analysts v. IRS*, 294 F.3d 71, 77 (D.C. Cir. 2002). The IRS cannot be characterized solely as a law enforcement agency, and neither was the entire IRM "compiled for law enforcement purposes." We have said the "distinction between law enforcement matters and administrative matters is not easily drawn," *Cox*, 576 F.2d at 1307, but the IRM contains several sections relating to solely administrative matters. *See, e.g.*, IRM § 1.2 (relating to delegation of authority among IRS divisions), § 1.4 (containing resource guides for managers), and § 6 (relating to internal human resources processes), available at https://www.irs.gov/irm. Given that the Barnes affidavit fails to recognize that the IRS is both an administrative and law-enforcement agency, and that the IRM reflects that fact, we cannot be sure that this misunderstanding did not color the affidavit's conclusions. We cannot be certain, in other words, that the IRS "fairly described" the withheld material and adequately stated "the reason for nondisclosure . . . without *in camera* inspection." *Missouri Coal.*, 542 F.3d at 1210 (citing *Barney v. IRS*, 618 F.2d 1268, 1272 (8th Cir. 1980)).

Keep in mind the Barnes Declaration was the sole affidavit the IRS submitted in support of its motion for summary judgment. Although we have said in camera inspection "should be limited" because "it is contrary to the traditional judicial role of deciding issues in an adversarial context upon evidence produced openly in court," this is such a case where in camera inspection is appropriate to determine

"whether the government's affidavits are accurate[.]" *Peltier*, 563 F.3d at 759 (quoting *Cox*, 576 F.2d at 1311–12). Where, as here, the IRS's success in sustaining its action rests primarily on the adequacy of a single affidavit containing a legal error, the district court is well served to use in camera inspection "as an aid" in determining whether the agency met its burden in establishing the exemption applies. *Cox*, 576 F.3d at 1312. Under these circumstances, we conclude the denial of Fogg's request for in camera inspection was an abuse of discretion.

## III. Conclusion

We therefore reverse the district court's grant of summary judgment and remand for proceedings consistent with this opinion.

_____