

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-24-00509-CV

**UVALDE CONSOLIDATED INDEPENDENT SCHOOL DISTRICT** and Uvalde County,
Appellants

v.

**TEXAS TRIBUNE**, ABC News, The Associated Press, CBS News, Cable News Network, Inc.,
Dow Jones & Co., The E.W. Scripps Company, Gannett Co. Inc., Graham Media Group,
Houston, Graham Media Group, San Antonio, Hearst Newspaper, LLC, NBC News, The New
York Times Co., Pro Publica, Inc., Sinclair Broadcast Group, Inc., Tegna Inc.,
TelevisaUnivision, The Washington Post,
Appellees

From the 38th Judicial District Court, Uvalde County, Texas
Trial Court No. 2022-08-34516-CV
Honorable Sid L. Harle, Judge Presiding

Opinion by:    Velia J. Meza, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Lori I. Valenzuela, Justice
Velia J. Meza, Justice

Delivered and Filed: July 16, 2025

AFFIRMED

The Texas Public Information Act (PIA) requires governmental bodies to disclose public

information upon request, subject only to authorized exceptions. Following the 2022 shooting at

Robb Elementary School, Texas Tribune and 17 other media companies (collectively, Texas

Tribune) submitted numerous requests to local governmental entities, seeking a wide range of

records—including incident reports, communication logs, camera footage, policies and procedures, contracts, personnel files, the shooter's education records, maintenance records, and floor plans.

In response, the Uvalde Consolidated School District (the School District) and Uvalde County (the County) sought and obtained a series of open records decisions from the Office of the Texas Attorney General. Based on the arguments and representative samples submitted, the Attorney General directed the School District and County to (1) produce certain documents which are "super public" or to which no exception applies, (2) withhold confidential information, and (3) exercise discretion to "release all or part of the submitted information that is not otherwise confidential by law."[1] Ultimately, the County produced only a single-page incident report, while the School District disclosed limited information relating to board policies, student withdrawals, and memoranda of understanding.

Texas Tribune then filed suit in district court, seeking a writ of mandamus under the PIA to compel disclosure of the withheld information, and moved for summary judgment. The district court granted summary judgment for Texas Tribune, ordering the School District and County to produce the requested information, subject to mandatory statutory redactions.

On appeal, the School District and County argue that governmental immunity bars Texas Tribune's suit and that summary judgment was improper because the information is not subject to disclosure as a matter of law. Because we hold that the School District and County refused to provide public information and there is no genuine issue of material fact as to the applicability of any exception, we affirm.

---

[1] *See* Tex. Att'y Gen. OR2022-26881, OR2022-27015, OR2022-27016, OR2022-27381, OR2022-27745, OR2022-31228.

**DISCUSSION**

**1      Appellate Jurisdiction**

We begin by addressing appellate jurisdiction. *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004).

The trial court granted summary judgment and denied governmental immunity to both the School District and County. However, this order was initially interlocutory because it did not resolve Texas Tribune's claims against a third governmental entity—the City of Uvalde. Consequently, the School District and County each filed notices of interlocutory appeal based on the immunity ruling. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8).

While the appeal was pending, the trial court granted summary judgment against the City. As a result, the earlier interlocutory order merged into the final judgment, thereby disposing of all claims and parties. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001) (an order is final when it disposes of all claims and parties); *see also Plains Expl. & Prod. Co. v. Torch Energy Advisors Inc.*, 473 S.W.3d 296, 302 (Tex. 2015) (summary judgment order becomes final when remaining claims and parties are disposed); *Webb v. Jorns,* 488 S.W.2d 407, 408–09 (Tex. 1972) (interlocutory order merges into the final judgment). Notably, no party has filed an amended notice purporting to appeal from the final judgment.

Generally, appellate courts retain appellate jurisdiction where an interlocutory order merges into a final judgment, unless the merger renders the appeal moot. *Chen v. Razberi Techs., Inc.*, 645 S.W.3d 773, 783 (Tex. 2022). Here, the governmental immunity issue is not moot, as the School District and County would be entitled to dismissal of the claims against them if found immune from suit. Accordingly, we conclude that appellate jurisdiction exists and will treat this appeal as from a final judgment.

## 2    Scope of Review

Having addressed jurisdiction, we next consider the scope of our review. The School District and County raise arguments germane to both the merits and jurisdiction.

Ordinarily, the scope of an interlocutory appeal is limited. For example, in an interlocutory appeal under section 51.014(a)(8) of the Civil Practice and Remedies Code, appellate review is generally confined to the trial court's ruling on governmental immunity and doesn't include review of the merits of the underlying claims. *See, e.g.*, *Serafine v. Crump*, 665 S.W.3d 93, 104 (Tex. App.—Austin 2023) (citing Fawcett v. Rogers, 492 S.W.3d 18, 29 (Tex. App.—Houston [1st Dist.] 2016, no pet.)), *rev'd on other grounds*, 691 S.W.3d 917 (Tex. 2024).When an interlocutory order addressing both jurisdiction and the merits merges into a final judgment while an interlocutory appeal is pending, the scope of review becomes less certain. The Texas Supreme Court in *Chen* clarified that any party wishing to expand the issues on appeal beyond those encompassed by the original interlocutory appeal must separately appeal from the final judgment.[2] 645 S.W.3d at 782. Otherwise, appellate jurisdiction remains limited to the issues originally within the scope of the interlocutory appeal. *Id*. The court advised that "[p]rudent lawyers might choose to file a second protective notice of appeal from the final judgment to avoid any uncertainty about whether appellate issues they wish to raise are within the scope of the previously filed appeal." *Id*.

This uncertainty is heightened in cases where jurisdiction and merits are intertwined, such as mandamus proceedings under the PIA. *Cf. Tex. Dept. of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004) (noting that governmental immunity challenges may implicate merits); *City of Hous. v. Estrada*, No. 14-23-00035-CV, 2025 WL 1225845, at *7–*8 (Tex. App.—

---

[2] By order, we asked the parties to brief the issue. The parties appear to agree the scope of review should include the merits but both sides' briefing is devoid of citation to authority on this point.

Houston [14 Dist.] Apr. 29, 2025, no pet. h.) (mem. op.) (holding that whether a plaintiff is a "requestor" under the PIA is a merits issue, not a jurisdictional one).

Given the overlap of issues and the lack of clear guidance, we will address the parties' merits arguments in the interest of judicial efficiency.

## 3    Governmental Immunity

"Governmental units are immune from suit unless immunity is waived by state law." *City of San Antonio v. Maspero*, 640 S.W.3d 523, 528 (Tex. 2022). "The party suing the governmental unit bears the burden of affirmatively showing waiver of immunity." *Maspero*, 640 S.W.3d at 528 (citation omitted). Absent statutory or constitutional waiver, immunity from suit deprives the trial court of jurisdiction over claims against that governmental unit. *Univ. of Tex. M.D. Anderson Cancer Ctr. v. McKenzie*, 578 S.W.3d 506, 512 (Tex. 2019); *Suarez v. City of Tex. City*, 465 S.W.3d 623, 631 (Tex. 2015).

We review rulings on governmental immunity *de novo*. *Miranda*, 133 S.W.3d at 228. There is "a presumption against any waiver until the plaintiff establishes otherwise." *Rattray v. City of Brownsville*, 662 S.W.3d 860, 866 (Tex. 2023). Any purported statutory waiver of immunity is strictly construed in favor of retention of immunity. *PHI, Inc. v. Tex. Juv. Just. Dep't*, 593 S.W.3d 296, 303 (Tex. 2019). Waiver can be established "only by showing that the statute 'clearly and affirmatively waive[s] immunity' and by also 'negating any provisions that create exceptions to, and thus withdraw, that waiver.'" *City of Austin v. Powell*, 704 S.W.3d 437, 447 (Tex. 2024) (quoting *Rattray*, 662 S.W.3d at 867). However, "a plaintiff need not anticipate and defeat every defense the government could conceivably raise." *Id*. (citations omitted).

And when immunity is raised for the first time upon appeal, as is the case here, the standard of review is accordingly stricter. We "must construe the pleadings in favor of the party asserting

jurisdiction, and, if necessary, review the record for evidence supporting jurisdiction." *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 96 (Tex. 2012) (citation omitted). If the pleadings and record "neither demonstrate jurisdiction nor conclusively negate it," the governmental entity must show either that (1) "the plaintiff failed to show jurisdiction despite having had full and fair opportunity in the trial court to develop the record and amend the pleadings;" or (2) if not given such an opportunity, "the plaintiff would be unable to show the existence of jurisdiction if the cause were remanded to the trial court and such opportunity afforded." *Id*.

### 3.1 Waiver of immunity under the PIA requires a refusal to supply public information.

The PIA allows a requestor to file suit for a writ of mandamus to compel a governmental body to disclose information if the body "refuses to supply public information or information that the attorney general has determined is public information that is not excepted from disclosure under Subchapter C." TEX. GOV'T CODE § 552.321(a).

The jurisdictional question, therefore, is whether the School District and County have refused to provide either:

(1) Public information; or

(2) Information that the Attorney General has determined is public and not excepted from disclosure.

*Harris Cnty. Appraisal Dist. v. Integrity Title Co., LLC*, 483 S.W.3d 62, 66 (Tex. App.—Houston [1st Dist.] 2015, pet. denied). Because it is dispositive, our review focuses on the first category of information.[3]

---

[3] We are also unable to meaningfully determine what information the Attorney General identified as public information not excepted from disclosure (the second category of information). Neither the School District nor the County specify which documents were submitted to the Attorney General. And the cited open records decisions are expressly limited to those documents actually presented for consideration. *See* Tex. Att'y Gen. OR2022-26881 ("This

### 3.1.1 Texas Tribune established refusal.

The School District and County argue that Texas Tribune has not established a valid waiver of governmental immunity because they timely requested open records decisions and have complied with those rulings. Thus, they reason, there has been no "refusal" as required by section 552.321. *See City of El Paso v. Abbott*, 444 S.W.3d 315, 324–26 (Tex. App.—Austin 2014, pet. denied) (finding no refusal where the city conclusively showed it disclosed all responsive information in its possession). We disagree.

The PIA does not define refusal. "When ascertaining the meaning of a statute's undefined terms, appellate courts typically look first to their dictionary definitions and then consider the term's usage in other statutes, court decisions, and similar authorities." *Empower Texans, Inc. v. Dall. Cnty.*, 648 S.W.3d 664, 674 (Tex. App.—Dallas 2022, pet. denied) (citing *Harris Cnty. Appraisal Dist. v. Tex. Workforce Comm'n*, 519 S.W.3d 113, 129 (Tex. 2017)). The "common, ordinary meaning of the term applies unless a contrary meaning is apparent from the statute's language or the common meaning would lead to absurd or nonsensical results." *Id*. (citation omitted); TEX. GOV'T CODE § 311.011(a) ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage."). Texas courts generally interpret "refuses" in this context as meaning "to show or express a positive unwillingness to do or comply with." *Empower Texans, Inc.*, 648 S.W.3d at 674–75 (summarizing cases).

---

letter ruling is limited to the particular information at issue in this request and limited to the facts presented to us."). The rulings further indicate that some documents were "marked" for disclosure and others "marked" for withholding. Tex. Att'y Gen. OR2022-27016. Were we to analyze the second category of information, the School District and County would need to prove that Texas Tribune could not "show the existence of jurisdiction if the cause were remanded to the trial court." *Rusk State Hosp.*, 392 S.W.3d at 96. Because we ultimately conclude Texas Tribune established a waiver as to the first category of information, we need not analyze the second category. TEX. R. APP. P. 47.1.

The Texas Supreme Court has expressly foreclosed the School District and County's proposed construction of section 552.321. In *Kallinen v. City of Houston*, the court explained that this narrow construction of section 552.321 would limit mandamus relief to situations where a governmental body merely fails to request an open records decision or fails to comply with one. 462 S.W.3d 25, 28 (Tex. 2015) (per curiam). Instead, section 552.321 allows a district court "to consider whether requested information is subject to disclosure, irrespective of whether the Attorney General has issued a ruling addressing that question." *Harris Cnty. Appraisal Dist.*, 483 S.W.3d at 68 (citing *Kallinen*, 462 S.W.3d at 28). And a governmental body "refuses" to supply public information when it seeks an open records decision and then withholds information based on that decision. *Muir v. Univ. of Tex. at Austin*, No. 03-22-00196-CV, 2023 WL 4110843, at *4 (Tex. App.—Austin June 22, 2023, no pet.) (mem. op.).

It is undisputed that the School District and County have not complied with most of the information requests at issue. We conclude they have "refused" to supply information as contemplated by section 552.321.

### 3.1.2  The Act defines public information broadly.

We next examine whether the requested materials qualify as "public information" under the PIA. The Act defines public information broadly to promote government transparency. TEX. GOV'T CODE § 552.001(a); *see also Paxton v. City of Dall.*, 509 S.W.3d 247, 251 (Tex. 2017) (characterizing public information as "broadly defined"). "Public information" includes any information "written, produced, collected, assembled, or maintained under a law or ordinance or in connection with the transaction of official business," unless "made confidential under [the PIA] or other law." *Univ. of Tex. at Austin v. GateHouse Media Tex. Holdings II, Inc.*, 711 S.W.3d 655, 657 (Tex. 2024) (quoting TEX. GOV'T CODE §§ 552.002(a), .022(a)). The definition encompasses

records in any format, including electronic communications, so long as they relate to official business. TEX. GOV'T CODE § 552.002.[4]

According to Texas Tribune, it requested a wide range of materials from the County: incident and 911 reports concerning Robb Elementary and other locations; sheriff dispatch logs and radio traffic; video footage; ballistics and evidence logs; use-of-force reports and policies; current agreements with other agencies and unions; reports of law enforcement interactions with the shooter and his mother; communications involving Sheriff Nolasco and deputies from May 24–26, 2022; and 911 calls from the 1500 block of Hood Street since May 1, 2017.

And from the School District, the requests included police service and 911 call records; evidence logs related to the shooting; duty rosters and assignments; body-worn and security camera footage from Robb Elementary; current agreements with other agencies and unions; communications and records involving Chief Pete Arredondo (including personnel files, phone records, and termination documents); threat reports; arrest and use-of-force records; maintenance and work orders for door locks and specific classrooms; district policies and records referencing security measures; student and personnel files for Salvador Ramos and his grandmother; notices of legal claims; internal communications among district officials; data on truancy and suspensions; and results of school safety audits.

On appeal, only the School District argues the above-requested information is not "public information." It claims that "information related to audits at Robb Elementary School" is confidential under section 37.108 of the Education Code, and that records of threats, use-of-force

---

[4] Section 552.022 of the Act also provides categories of "super" or "core" public information, including "a completed report, audit, evaluation, or investigation made of, for, or by a governmental body." *See generally Tex. Dept. of Pub. Safety v. Cox Tex. Newspapers, L.P.*, 343 S.W.3d 112, 122 (Tex. 2011) (Wainwright, J., concurring) (discussing section 552.022). Fewer exceptions to disclosure apply to super public information; generally, the information may only be withheld if it is "confidential under [the PIA] or other law." TEX. GOV'T CODE § 552.022(b).

reports, probable cause affidavits, and certain police reports are confidential under provisions of the Family Code and common law privacy.

Although section 37.108 of the Education Code does shield some safety audit records from disclosure, it also expressly requires disclosure of documents that allow the public to verify that a safety and security audit was completed, determine when it occurred, who conducted it, and when the results were presented to the board of trustees, among other things. TEX. EDUC. CODE § 37.108(c-2).

The School District's other argument, relating to the Family Code and common law privacy, relies solely on an open records decision, which found that some—but not all—of the sampled documents were confidential. Tex. Att'y Gen. OR2022-27362.[5] While the School District and County submitted representative samples to the Attorney General, nothing was provided to the trial court—or to this court—which would permit a meaningful review of the specific information withheld.

The School District contends it had no burden to show the applicability of these confidentiality exceptions; rather, Texas Tribune had the burden to prove *in*applicability of any exceptions. We disagree.

### 3.1.3 A governmental entity claiming an exception bears the burden of supporting that claim with evidence.

"The dividing line between disclosure and restraint must be determined by proof." *Tex. Dept. of Pub. Safety v. Cox Tex. Newspapers, L.P.*, 343 S.W.3d 112, 119 (Tex. 2011). Texas and federal courts alike require that decisions to withhold information be supported by competent and

---

[5] "While the Attorney General's interpretation of the [PIA] may be persuasive, it is not controlling" on Texas courts. *City of Dall. v. Abbott*, 304 S.W.3d 380, 384 (Tex. 2010).

specific explanations. Because the PIA was modeled after an earlier iteration of the Freedom of Information Act (FOIA), the Texas Supreme Court has looked at federal precedent, "particularly where the statutory provisions mirror each other." [6] *Tex. Comptroller of Pub. Accounts v. Attorney Gen. of Tex.*, 354 S.W.3d 336, 342 (Tex. 2010) (citations omitted). "When the Texas Legislature use[s] the same . . . language, it is fair to presume it intend[s] the same meaning as that articulated by its federal predecessor." *Id.* (citation omitted).

A party requesting information under public information laws faces an "'asymmetrical distribution of knowledge' where the agency alone possesses, reviews, discloses, and withholds the subject matter of the request." *Jud. Watch, Inc. v. FDA*, 449 F.3d 141, 146 (D.C. Cir. 2006) (quoting *King v. DOJ*, 830 F.2d 210, 218 (D.C. Cir. 1987)). Because the underlying philosophy is "full agency disclosure," the government bears the burden of justifying withholding of information or documents. *Dep't of Air Force v. Rose,* 425 U.S. at 360–61 (quoting S.Rep. No. 813, 89th Cong., 1st Sess., 3 (1965)). And exceptions are narrowly construed. *Id.* at 361.

To facilitate judicial review, federal agencies provide affidavits to demonstrate the applicability of a claimed exemption, *Shapiro v. DOJ*, 893 F.3d 796, 799 (D.C. Cir. 2018), or seek *in-camera* review "so long as [the agency] give[s] the reviewing court a reasonable basis to evaluate" the claimed exemption, *Jud. Watch*, 449 F.3d at 146.[7] The affidavits or declarations must "provide[] a relatively detailed justification, specifically identif[y] the reasons why a particular

---

[6] Both the PIA and FOIA favor disclosure. *See* TEX. GOV'T CODE § 552.001(b); *Dep't of Air Force v. Rose,* 425 U.S. 352, 361 (1976) ("disclosure, not secrecy, is the dominant objective of [FOIA]"). And both statutory schemes contain analogous exceptions. *Compare* 5 U.S.C. § 552(b)(7)(A) (law enforcement records exempt from disclosure if release would interfere with law enforcement proceedings) *with* TEX. GOV'T CODE § 552.108 (information held by law enforcement dealing with the detection, investigation, or prosecution of crime is excepted if release would interfere with the detection, investigation, or prosecution of crime).

[7] "If the agency's description of the withheld material adequately states its grounds for nondisclosure, and if those grounds are reasonable and consistent with the applicable law, the district court should uphold the Government's position." *Xanthopoulos v. IRS*, 35 F.4th 1135, 1138 (8th Cir. 2022) (internal quotation omitted).

exemption is relevant, and correlat[e] those claims with the particular part of a withheld document to which they apply." *Defs. of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 88 (D.D.C. 2009) (internal quotation omitted). "Withholding information under conclusory, generalized, or sweeping allegations of exemptions is not acceptable." *Elec. Priv. Info. Ctr. v. DEA*, 192 F. Supp. 3d 92, 103 (D.D.C. 2016) (citations omitted).

Federal agencies often meet their evidentiary burden by providing a *Vaughn* index—an itemized explanation of the documents withheld and the exceptions claimed to apply. *See Vaughn v. Rosen*, 484 F.2d 820, 826–28 (D.C. Cir. 1973) (discussing necessity for "proper justification" when agency withholds documents).[8] Nearly all federal circuit courts have adopted the *Vaughn* index as an evidentiary guidepost. *See, e.g., ACLU v. DOJ*, 844 F.3d 126, 129 n.4 (2d Cir. 2016); *Hamdan v. DOJ*, 797 F.3d 759, 769 n.4 (9th Cir. 2015); *Batton v. Evers*, 598 F.3d 169, 175–76 (5th Cir. 2010); *Davin v. DOJ*, 60 F.3d 1043, 1050 (3d Cir. 1995) ("While there is no set formula for a *Vaughn* index, the hallmark test is that the requestor and the trial judge be able to derive from the index a clear explanation of why each document or portion of a document withheld is putatively exempt from disclosure.").

While Texas courts have not expressly required the same level of detailed proof as federal courts in FOIA cases, the Texas Supreme Court has made clear that the government cannot simply rely on "vague assertions" of confidentiality. *Cox Tex. Newspapers, L.P.*, 343 S.W.3d at 119. Instead, the government must provide evidence supporting its claim that an exception applies. *Id.*;

---

[8] The *Vaughn* court explained the function of such an index in focusing judicial review:

> [The index] would subdivide the document under consideration into manageable parts cross-referenced to the relevant portion of the Government's justification. Opposing counsel should consult with a view toward eliminating from consideration those portions that are not controverted and narrowing the scope of the court's inquiry. After the issues are focused, the District Judge may examine and rule on each element of the itemized list. When appealed, such an itemized ruling should be much more easily reviewed than would be the case if the government agency were permitted to make a generalized argument in favor of exemption.

*Id*. at 828.

*see also Tex. Dep't of Crim. Just. v. Levin*, 572 S.W.3d 671, 679 (Tex. 2019) ("[W]hether the requested information is protected by the physical-safety exception turns on the governmental body's evidence of a substantial threat of physical harm.").

And our sister courts have unequivocally held the government to its evidentiary burden. *See, e.g.*, *Thomas v. Cornyn*, 71 S.W.3d 473, 489–90 (Tex. App.—Austin 2002, no pet.) (holding law enforcement exception did not apply where "the sheriff failed to provide the requested information to the attorney general pursuant to the terms of the protective order or even to the court for *in camera* inspection."). The Third Court of Appeals has analogized claiming exceptions under the PIA to claiming privilege in a discovery dispute: "in the absence of any additional evidence to support the claimed privilege, the appellate court must review the documents themselves to determine if they clearly support the privilege as a matter of law." *Dominguez v. Gilbert*, 48 S.W.3d 789, 795 (Tex. App.—Austin 2001, no pet.) (quoting *Barnes v. Whittington*, 751 S.W.2d 493, 495 (Tex. 1988)) (internal quotation omitted).

In practice, the documents themselves are often the best evidence supporting a claimed exemption. In *Kilmer*, the DC District Court rejected a law enforcement exemption supported only by an agency affidavit containing "broad categorical descriptions" and where the documents themselves were not submitted to the court for review. *Kilmer v. U.S. Customs & Border Prot.*, No. CV 17-1566 (CKK), 2021 WL 1946392, at *14 (D.D.C. May 14, 2021). The court explained that it could not "engage in a meaningful review of the agency's decision to withhold specific material under the agency's claimed FOIA exemptions." *Id.* (internal quotation omitted).

### 3.1.4 The requested information is public.

In this case, as in *Kilmer*, the absence of specific evidence or access to the withheld documents prevents meaningful judicial review. All that is available are the broad, categorical

descriptions provided by Texas Tribune. Based on these descriptions, the requested information appears to be "written, produced, collected, assembled, or maintained . . . in connection with the transaction of" official business, and there is no basis to conclude the information is wholly confidential. [9] TEX. GOV'T CODE § 552.002(a). Accordingly, the information qualifies as public information within the meaning of section 552.321(a).

### 3.2    Conclusion

Liberally construing Texas Tribune's pleadings in favor of jurisdiction, the summary judgment evidence demonstrates that the School District and County have refused to supply public information. This refusal satisfies the waiver of governmental immunity provided by the PIA. *See* TEX. GOV'T CODE § 552.321(a). As a result, the trial court had jurisdiction to consider the merits of this mandamus action. *McKenzie*, 578 S.W.3d at 512.

### 4    Summary Judgment On Writ of Mandamus

Having resolved the question of jurisdiction, we turn to the trial court's decision to grant summary judgment. We review a trial court's summary judgment ruling *de novo*. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). The movant for traditional summary judgment under Rule 166a(c) bears the burden to show that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law. *Chavez v. Kan. City S. Ry. Co.*, 520 S.W.3d 898, 900 (Tex. 2017). In reviewing summary judgment evidence, "we take as true all evidence

---

[9] The School District and County each argue they do not have documents responsive to certain requests and list numerous confidentiality provisions without any argument or citation to authority. First, the PIA does not require a government entity to prepare or assemble new information in response to a request. *A & T Consultants, Inc. v. Sharp*, 904 S.W.2d 668, 676 (Tex. 1995). Second, the trial court's order already allows freedom to make any necessary redactions to any documents produced to Texas Tribune. We are not persuaded that, to establish jurisdiction, Texas Tribune must prove there are documents responsive to every request or that each requested document does not require any redaction.

favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005) (citations omitted).

A writ of mandamus is an order from a court "whereby a person or officer is required to do something which he wrongfully declines to do, and in exceptional cases it may properly be given a restraining effect to reverse or amend a previous act." *Paxton v. Am. Oversight*, No. 24-0162, 2025 WL 1793117, at *3 (Tex. June 27, 2025) (internal quotations omitted). While courts may look to common law mandamus principles for guidance, those rules are subordinate to the statutory scheme created by the PIA. *Tex. Dep't of Pub. Safety v. Gilbreath*, 842 S.W.2d 408, 413–14 (Tex. App.—Austin 1992, no writ) (citing *Indus. Found. of the South v. Tex. Indus. Accident Bd.,* 540 S.W.2d 668, 674 (Tex. 1976)). To obtain the writ, "a requesting party need only show that the governmental body has not complied with the Act in order to obtain mandamus." *Id.* Although traditional equitable considerations are not required, the trial court retains discretion to issue a writ of mandamus when doing so would further the purposes of the Act. *Id.*

Summary judgment compelling disclosure under the PIA may only be granted if the movant shows the information is subject to disclosure as a matter of law. *Fallon v. Univ. of Tex. MD Anderson Cancer Ctr.*, 586 S.W.3d 37, 47–48 (Tex. App.—Houston [1st Dist.] 2019, no pet.). Governmental bodies are required to provide public information to any person who requests it. *Gilbreath*, 842 S.W.2d at 413–14. Failure to do so constitutes a clear violation of the Act and justifies statutory mandamus relief. *Id.* (citing *City of Hous. v. Hous. Chron. Publ'g Co.*, 673 S.W.2d 316, 320 (Tex. App.—Houston [1st Dist.] 1984, no writ)).

### 4.1 Summary judgment was proper.

The threshold question is again whether Texas Tribune established that the School District and County refused to provide public information. As the party moving for traditional summary judgment under Rule 166a(c), Texas Tribune had the initial burden of showing that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law. *Chavez*, 520 S.W.3d at 900. Once Texas Tribune meets this burden, the obligation shifts to the School District and County, as nonmovants, to raise a genuine issue of material fact that would preclude summary judgment. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018) (citing *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995)).

Here, we have already determined that the requested information qualifies as public information under the PIA, and nothing in the record contradicts this conclusion. The School District and County's decision to withhold the information constitutes a refusal to provide public information. As a result, Texas Tribune has satisfied its initial burden of demonstrating, as a matter of law, a refusal to disclose information covered by the PIA. *See Gilbreath*, 842 S.W.2d at 413–14.

### 4.1.1 The summary judgment responses do not raise a fact issue as to each element of the law enforcement exception.

The next step is to consider whether the School District and County identified any genuine issue of material fact sufficient to defeat summary judgment. Both entities asserted affirmative defenses in general terms and submitted limited evidence with their summary judgment responses. Specifically, they argue that section 552.108 applies due to an ongoing criminal investigation into the police response to the shooting. Additionally, the School District invokes section 552.103 (the pending litigation exception) and section 418.181 (confidentiality of technical documents identifying vulnerabilities in critical infrastructure) of the Government Code.

Section 552.108(a)(1) excepts from disclosure "[i]nformation held by a law enforcement agency or prosecutor that deals with the detection, investigation, or prosecution of crime [if] release of the information would interfere with the detection, investigation, or prosecution of crime." TEX. GOV'T CODE § 552.108(a)(1). To support its claim that this exception applies, the School District attached a "Motion for Preservation of Evidence" filed by District Attorney Christina Mitchell in a separate case, seeking to halt the destruction of Robb Elementary School. The County, in turn, provided copies of grand jury summonses issued to five officers—including the sheriff, two deputies, and two constables—in connection with DA Mitchell's investigation.

However, the government cannot simply make "vague assertions" to invoke an exception; its arguments must be supported by evidence. *Cox Tex. Newspapers, L.P.*, 343 S.W.3d at 119; *Levin*, 572 S.W.3d at 679. Here, neither the School District nor the County, in their summary judgment responses or appellate briefs, identify which specific categories of information they seek to withhold or explains how disclosure would interfere with any ongoing investigation.

Interpreting an earlier version of section 552.108, the Texas Supreme Court explained that the law enforcement exception is intended to protect information whose disclosure would reveal investigative techniques, unduly interfere with law enforcement operations, or hinder an agency's ability to perform its duties. *A & T Consultants, Inc.*, 904 S.W.2d at 678. But the exception was not without limits.

In a key 1975 decision, the Fourteenth Court of Appeals recognized a constitutional right of public access to the "page one" of offense reports, which typically includes basic facts such as the nature and location of a crime, names of complainants and officers, and the description of an offense. *Hous. Chron. Publ'g Co. v. City of Hous.*, 531 S.W.2d 177, 186–87 (Tex. App.—Houston

[14th Dist.] 1975), writ ref'd n.r.e., [10] 536 S.W.2d 559 (Tex. 1976). However, the court limited this right by excluding disclosure of materials including confessions, officers' opinions about guilt or witness credibility, informant statements, and forensic reports.[11] *Id.* at 187–88.

At the time of *Houston Chronicle* and *Sharp*, the law enforcement exception was broad and did not require a showing of any "interference."[12] The Texas Supreme Court described it as a "blanket exemption" compared to the analogous federal provision. *Holmes v. Morales*, 924 S.W.2d 920, 925 (Tex. 1996). In 1997, the Legislature amended the exception to add the current "interference" requirement, aligning the PIA with the FOIA by requiring that disclosure would actually interfere with law enforcement. *Compare* Act of June 20, 1997, 75th Leg., R.S., Ch. 1231, § 1, 1997 Tex. Gen. Laws 4697 (adding phrase "release of the information would interfere . . .") *with* 5 U.S.C. § 552(b)(7)(A) (exempting information from disclosure if records were compiled for law enforcement purposes and "could reasonably be expected to interfere with law enforcement proceedings").

Since the "interference" element was added in 1997, the Texas Supreme Court has not substantively interpreted the law enforcement exception. However, our sister courts' interpretations are instructive. For example, in *Texas Appleseed v. Spring Branch Independent School District*, the First Court of Appeals analyzed whether a claim of interference under section

---

[10] The designation "writ refused, no reversible error" means that the Texas Supreme Court was not satisfied that the opinion of the court of appeals correctly declared the law, but there was no error requiring reversal. *Texas Rules of Form: The Greenbook* appx. E (Texas Law Review Ass'n 14th ed. 2018). Despite this designation, *Houston Chronicle* has since been cited tens of thousands of times by the Attorney General in open records rulings and remains a landmark decision.

[11] "To open such material to the press and public in all cases might endanger the position of the State in criminal prosecutions by the use of such materials to the disadvantage of the prosecution. To have such material open to the press and public in all cases might reveal the names of informants and pose the threat of intimidation of potential prosecution witnesses. In any case, the press has available effective means of finding out most of such details through interviews with the participants, officers, and witnesses." *Hous. Chron.*, 531 S.W.2d at 187.

[12] Act of May 17, 1993, 73rd Leg., R.S., Ch. 268, § 1, 1993 Tex. Gen. Laws 583, 600 (recodifying TEX. REV. CIV. STAT. art. 6252-17a, § 3(a) as TEX. GOV'T CODE § 552.108).

552.108 was sufficiently specific to justify withholding. 388 S.W.3d 775, 782 (Tex. App.—Houston [1st Dist.] 2012, no pet.). As to each requested category of information, the court reviewed the withholding party's argument, the documents sought to be withheld—in unredacted form—and determined whether revealing the information would interfere with law enforcement action. *Id.* at 782–84. Similarly, in *Thomas v. Cornyn*, the Third Court of Appeals rejected a sheriff's attempt to withhold public information under the law enforcement exception because the sheriff failed to submit any evidence supporting the exception and failed to produce the documents for *in-camera* inspection. 71 S.W.3d at 490 ("We reiterate that it was the *sheriff's* burden, not the [requestor]'s, to produce evidence that an exception to disclosure applies.") (emphasis in original).

And as to a different subsection, we have required that a governmental entity "demonstrate that release of the requested information will unduly interfere with law enforcement and crime prevention." *City of San Antonio v. San Antonio Express–News*, 47 S.W.3d 556, 565 (Tex. App.—San Antonio 2000, pet. denied) (interpreting section 552.108(b)(1)).

Ultimately, the burden is on the School District and County to show an exception applies. *Adkisson v. Paxton*, 459 S.W.3d 761, 776–78 (Tex. App.—Austin 2015, no pet.); *accord Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984) ("If the party opposing a summary judgment relies on an affirmative defense, he must come forward with summary judgment evidence sufficient to raise an issue of fact on each element of the defense to avoid summary judgment.").

While the evidence in this case may raise a fact issue about the existence of an ongoing criminal investigation, the record contains no evidence sufficient to create a fact issue regarding the interference requirement of section 552.108. Unlike the governmental body in *Texas Appleseed*, neither the School District nor the County produced any documents or representative samples for *in-camera* review. *Cf. Tex. Appleseed*, 388 S.W.3d at 782–84 ("A review of the

redacted portions" of the documents at issue supports the police chief's testimony that "revelation of the withheld information substantially threatens harm."). Nor do they provide any detail or context for their decision to withhold the documents at issue. *See Davin v. DOJ*, 60 F.3d at 1050 (requiring "a clear explanation of why each document or portion of a document withheld is putatively exempt from disclosure."). Without such an explanation, any conclusion regarding the content of the withheld documents and the effect of their disclosure is pure speculation. On this record, there is no genuine issue of material fact as to the applicability of the law enforcement exception.

### 4.1.2  The summary judgment responses do not raise a fact issue as to the remaining exceptions.

The School District's summary judgment response contends that section 552.103 (the pending litigation exception) and section 418.181 (confidentiality of documents identifying technical details of vulnerabilities in critical infrastructure to an act of terrorism) of the Government Code justify withholding certain documents. Specifically, the School District pointed to it being served on June 17, 2022, with "an emergency motion to inspect the school property in a pending lawsuit arising from the Robb ES shooting." And as to the second contention, the School District attached an open records decision, Tex. Att'y Gen. OR2022-27015, which excepted "specified school blueprints and information" under section 418.181 because the information "would identify the technical details of particular vulnerabilities of critical infrastructure to an act of terrorism."

However, an open records ruling does not constitute competent summary judgment evidence. Even if it did, the attached rulings show that the Attorney General had the benefit of reviewing a representative sample of the documents sought to be withheld—a benefit not afforded to this court or the trial court. Moreover, the rulings do not identify the documents subject to

section 418.181, referring in general terms to "the submitted information." Tex. Att'y Gen. OR2022-27015, at 2.[13]

As a result, it is impossible to determine which documents the School District seeks to withhold under these exceptions. Apart from vague, conclusory assertions, the School District provides nothing that would enable a meaningful review of its decision to withhold an unspecified quantity of documents with unknown contents. *See Ryland Grp., Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996) (noting that conclusory statements do not raise a fact issue). Accordingly, we conclude that the School District's summary judgment evidence fails to create a fact issue as to each element of the claimed exceptions.

**CONCLUSION**

In Texas, governmental entities lack unilateral authority to declare information exempt from disclosure. *City of Dall.*, 509 S.W.3d at 251. They also cannot evade judicial review by vague or unsupported claims that an exception applies. The PIA presumes that government records are open to the public and places the burden on the government to justify any withholding of information. TEX. GOV'T CODE §§ 552.001(a), 552.301(e). Exceptions to disclosure cannot be used to justify blanket secrecy over government actions; rather, they must be specifically authorized by law and supported by evidence. *See Wu v. Nat'l Endowment for Humans.*, 460 F.2d 1030, 1033 (5th Cir. 1972) (stating that FOIA exemptions do not "authorize an agency to throw a protective blanket over all information").

In this case, Texas Tribune has met its burden to show that the School District and County refused to provide public information as a matter of law. In response, these entities offered only

---

[13] *Cf.* Tex. Att'y Gen. OR2022-31228, at 3 ("[T]he district may withhold the information we have marked under section 552.103(a) of the Government Code. However, we find the district has not demonstrated the remaining responsive information is related to pending or reasonably anticipated litigation for purposes of section 552.103.").

minimal justification—citing a grand jury investigation and a civil lawsuit—without providing legal or evidentiary support for withholding the information. On this record, the trial court properly granted Texas Tribune's summary judgment motion. *Travelers*, 315 S.W.3d at 864. We therefore affirm the judgment compelling the School District and County to produce the requested information via writ of mandamus.

Finally, we note that the trial court's judgment permits the School District and County to make "mandatory statutory redactions." *See GateHouse Media*, 711 S.W.3d at 657 (distinguishing between mandatory confidentiality provisions and discretionary exceptions). This provision allows the School District and County to redact any information required by law to remain confidential, so long as such redactions are supported by legal authority and competent evidence. *See, e.g.,* TEX. GOV'T CODE §§ 552.101 (protecting information confidential under other law), 552.102 (protecting certain personnel information), 552.114 (protecting student records), 552.117 (protecting certain identifying information).

Velia J. Meza, Justice