**Opinion issued December 15, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00145-CV

———————————

**HARRIS COUNTY APPRAISAL DISTRICT, Appellant**

**V.**

**INTEGRITY TITLE COMPANY, LLC AND MARIAN CONES, Appellees**

On Appeal from the 151st District Court
Harris County, Texas
Trial Court Case No. 2014-13474

## O P I N I O N

This appeal arises from a suit for a writ of mandamus under the Texas Public Information Act ("PIA") to compel the Harris County Appraisal District ("HCAD") to disclose information. Integrity Title Company, LLC and Marian Cones (collectively "Integrity") requested that HCAD disclose deed document

numbers and filing dates for HCAD's accounts. HCAD, seeking to withhold the information, requested an open records ruling from the Attorney General, and after the Attorney General issued a decision stating that the information as described by HCAD was excepted from disclosure, Integrity sued to compel disclosure of the information. HCAD filed a plea to the jurisdiction, which the trial court denied, and after a bench trial, the trial court ordered HCAD to disclose the requested information. In three issues, HCAD argues that the trial court lacked jurisdiction to consider Integrity's suit and erred in concluding that the requested information was not excepted from disclosure under sections 552.149 and 552.110 of the PIA. We affirm.

## Background

In October 2013, Integrity submitted a PIA request to HCAD, seeking "a list in electronic format showing the HCAD account number, the deed transaction date, and the County Clerk's document number (a/k/a 'deed number')" for each HCAD account. Deed document numbers and deed transaction dates (filing dates) are assigned by the Harris County Clerk when a deed is filed with the Clerk. HCAD obtains this information from PropertyInfo, a private company that gathers this information from the Harris County Clerk and provides it to HCAD pursuant to a contract. PropertyInfo also provides HCAD with other information, not requested by Integrity, pursuant to its contract with HCAD. Seeking to withhold the

requested information, HCAD sought an open records ruling from the Attorney General. HCAD asserted that the information was excepted from disclosure under two sections of the PIA—section 552.149 (the so-called "MLS exception"[1]) and section 552.110 (the trade secrets exception). Based on HCAD's representations regarding the nature of the information requested, the Attorney General issued a ruling that the information was excepted from disclosure under section 552.149.

Integrity sued HCAD pursuant to section 552.321 of the PIA for a writ of mandamus to compel disclosure of the information. HCAD filed a plea to the jurisdiction, arguing that the trial court lacked jurisdiction over Integrity's suit because HCAD was withholding information that the Attorney General had ruled was excepted from disclosure. The trial court found that it had jurisdiction under section 552.321 and denied HCAD's plea.

After a bench trial, the trial court concluded that the information Integrity requested was public information that was not excepted from disclosure. The trial court considered the Attorney General's ruling and concluded that because HCAD's request for a ruling did not explain the nature of the dispute, the Attorney General's ruling was "not very closely related to what the actual dispute is, *i.e.*, a

---

[1] MLS stands for "Multiple Listing Service," a tool to facilitate real estate transactions nationwide developed and maintained by real estate professionals. National Association of Realtors, Multiple Listing Service (MLS): What Is It, http://www.realtor.org/topics/nar-doj-settlement/multiple-listing-service-mls-what-is-it.

dispute about information that comes from a publicly funded office (the Harris County Clerk's Office), then goes through the machinations of a private company under contract with public funds and then sold back to another government entity, [HCAD]." The trial court ordered HCAD to provide Integrity with the requested information.

## Jurisdiction

In its first issue, HCAD argues that the trial court erred by denying its plea to the jurisdiction because the trial court did not have subject-matter jurisdiction to consider Integrity's mandamus action under section 552.321 of the PIA.

### A. Standard of Review

A plea to the jurisdiction challenges the trial court's subject-matter jurisdiction to hear a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *Kamel v. Univ. of Tex. Health Sci. Ctr.*, 333 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). The existence of subject-matter jurisdiction is a question of law that we review de novo. *State Dep't of Highs. & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002); *Kamel*, 333 S.W.3d at 681.

When, as here, a plea to the jurisdiction "challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, even where those facts may

4

implicate the merits of the cause of action." *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009) (internal quotation omitted). The plea to the jurisdiction standard mirrors that of a traditional motion for summary judgment. *Ross v. Linebarger, Goggan, Blair & Sampson, L.L.P.*, 333 S.W.3d 736, 744 (Tex. App.— Houston [1st Dist.] 2010, no pet.). When reviewing the evidence, we must take as true all evidence in favor of the nonmovant and "indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Kirwan*, 298 S.W.3d at 622 (quoting *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004)). If the evidence creates a fact question regarding jurisdiction, the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder; however, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea as a matter of law. *Miranda*, 133 S.W.3d at 227–28; *Kamel*, 333 S.W.3d at 681.

## B.    Applicable Law

"The PIA guarantees access to public information, subject to certain exceptions" contained within Subchapter C. *Tex. Dep't of Pub. Safety v. Cox Tex. Newspapers, L.P.*, 343 S.W.3d 112, 114 (Tex. 2011) (citing TEX. GOV'T CODE ANN. ch. 552 (West 2012 & Supp. 2015); *see also Greater Houston P'ship v. Paxton*, 468 S.W.3d 51, 57 (Tex. 2015) (PIA's "stated policy objectives are to provide accountability and transparency in government by establishing

5

mechanisms to foster public access to government records") (citing TEX. GOV'T CODE ANN. §§ 552.001–.353). The Attorney General is tasked with "maintain[ing] uniformity in the application, operation, and interpretation" of the PIA. TEX. GOV'T CODE ANN. § 552.011. Thus, a governmental body that receives a written request for information that it wishes to withhold and that it considers to be within one of the Subchapter C exceptions must request a ruling from the Attorney General about whether the information is excepted, unless the Attorney General has previously determined that such information is excepted. TEX. GOV'T CODE ANN. § 552.301(a). "While the Attorney General's interpretation of the [PIA] may be persuasive, it is not controlling" on Texas courts. *City of Dallas v. Abbott*, 304 S.W.3d 380, 384 (Tex. 2010).

If a governmental body withholds information because it considers it to be excepted from disclosure under Subchapter C, but does not request an Attorney General decision if one is required, then the PIA permits the requestor to sue for a writ of mandamus compelling the governmental body to make the information available for public inspection. TEX. GOV'T CODE ANN. § 552.321(a). The PIA also provides that a requestor may sue for a writ of mandamus compelling a governmental body to make information available for public inspection if the governmental body

refuses to supply public information or information that the attorney general has determined is public information that is not excepted from disclosure under Subchapter C.

*Id.*

The jurisdictional dispute in this appeal centers around the interpretation of this latter portion of section 552.321(a). Our primary objective in construing section 552.321(a) is to give effect to the Legislature's intent. *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009). The plain meaning of the text is the best expression of legislative intent unless a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results. *See City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008).

## C.  Analysis

HCAD argues that the trial court lacked subject-matter jurisdiction to consider Integrity's suit because the Attorney General determined that the information Integrity requested was excepted from disclosure under the PIA. Specifically, HCAD argues that it neither "refuse[d] to supply public information," nor refused to supply "information that the attorney general has determined is public information that is not excepted from disclosure." Tex. Gov't Code Ann. § 552.321(a). To the contrary, HCAD argues that because the Attorney General determined that the information Integrity requested was public information that *is*

7

excepted from disclosure, section 552.321 does not provide for further review of that decision. Integrity, on the other hand, argues that the trial court had jurisdiction to determine whether the information it requested is "public information," regardless of the Attorney General's ruling.

The Texas Supreme Court recently considered a similar jurisdictional issue. In *Kallinen v. City of Houston*, 462 S.W.3d 25 (Tex. 2015), Kallinen requested information from the City of Houston, and the City produced some information but withheld other information and timely requested an Attorney General decision on whether the withheld information was excepted from disclosure. *Id.* at 27. Before the Attorney General issued a decision, Kallinen sued for a writ of mandamus to compel disclosure of the information, and the Attorney General closed his file when alerted to the suit.[2] *Id.* The City filed a plea to the jurisdiction, arguing that the trial court lacked jurisdiction over the suit until the Attorney General ruled. *Id.* The trial court denied the plea and ordered disclosure of some of the withheld information. *Id.* This Court reversed and dismissed for lack of jurisdiction, holding that when a governmental body requests an open records ruling from the

---

[2] At the time, the Attorney General "did not interpret the PIA to require an open records ruling on issues already in litigation," but the Attorney General now will rule on a claimed PIA exception even if an action posing the same open records question is pending in a Texas court. *Kallinen v. City of Houston*, 462 S.W.3d 25, 27 (Tex. 2015); *see* Tex. Att'y Gen. OR2011–687.

Attorney General, a trial court may acquire jurisdiction over a requestor's mandamus suit only after the Attorney General has ruled. *Id.*

The Supreme Court reversed, holding that the City's view of section 552.321(a) "would relegate mandamus relief to compelling a governmental body to request an Attorney General's decision and then comply with it." *Id.* at 28. This was problematic because under this logic, "[t]he correctness of [the Attorney General's] decision would be unreviewable." *Id.* The Supreme Court noted that it has reviewed the Attorney General's rulings under the PIA, including a ruling that information was excepted from disclosure, and has also interpreted exceptions to the PIA without a ruling from the Attorney General. *Id.*; *see also Cox*, 343 S.W.3d at 113 (remanding case to trial court to review whether information was subject to disclosure; requestors sued after Attorney General held that information was excepted from disclosure). The Supreme Court concluded that the trial court has jurisdiction to consider whether requested information is "public information" and a requestor does not have to wait until the Attorney General rules to sue for mandamus relief. *See Kallinen*, 462 S.W.3d at 28.

HCAD argues that *Kallinen* does not control because here, the Attorney General had already ruled in its favor when Integrity sued. HCAD contends that the category of information sought by Integrity is "public information that the Attorney General has determined *is* excepted from disclosure," which is not

9

expressly addressed in section 552.321(a). HCAD contends that this category is distinct from the two categories mentioned in section 552.321(a): (1) public information and (2) public information that the Attorney General has determined *is not* excepted from disclosure. *See* TEX. GOV'T CODE ANN. § 552.321(a). But the underlying principle in *Kallinen* is that the trial court has jurisdiction under section 552.321(a) to consider whether requested information is subject to disclosure, irrespective of whether the Attorney General has issued a ruling addressing that question. *See Kallinen*, 462 S.W.3d at 28; *see also Thomas v. Cornyn*, 71 S.W.3d. 473, 483 (Tex. App.—Austin 2002, no pet.) ("A requestor may bring a mandamus action regardless of whether an attorney general's opinion has been requested or despite the issuance of an adverse attorney general's opinion that favors the withholding of the information."). The upshot of *Kallinen* is that section 552.321(a) should not be read as HCAD suggests because that reading would make the Attorney General's ruling "unreviewable." *See Kallinen*, 462 S.W.3d at 28.

HCAD also argues that *City of El Paso v. Abbott*, 444 S.W.3d 315 (Tex. App.—Austin 2014, pet. denied), which pre-dates *Kallinen*, supports its argument that the trial court lacked jurisdiction. But *Abbott* is inapposite. There, the Attorney General ruled that some information the City sought to withhold was excepted from disclosure (e-mail addresses belonging to members of the public), while other information was not excepted from disclosure. *Id.* at 322. When the

10

City persisted in withholding the information that the Attorney General ruled was not excepted from disclosure, the requestor sued. *Id.* The City subsequently disclosed that information and filed a plea to the jurisdiction with evidence showing that it had disclosed all unexcepted responsive information within its possession. *See id.* at 325.

The trial court denied the plea, but the appellate court held that the denial was error because the City conclusively proved that it was not refusing to supply any information that it was required to supply. *Id.* at 325–27. The appellate court also overruled the requestor's argument that denial of the plea was proper because the City was "refusing to supply public information that the attorney general has determined is public information" by withholding the e-mail addresses belonging to members of the public, because the Attorney General had determined the e-mail addresses were not subject to disclosure. *Id.* at 327. The appellate court noted that the Attorney General had determined that the e-mail addresses belonging to members of the public were excepted from disclosure based upon section 552.137 of the PIA, which specifically excepts from disclosure e-mail addresses belonging to members of the public without their consent. *Id.*; *see* TEX. GOV'T CODE ANN. § 552.137.

These underlying facts render *Abbott* inapposite. Thus, *Abbott* does not support HCAD's argument nor give us reason to deviate from the Texas Supreme

11

Court's more recent authority. Following *Kallinen*, we conclude that the trial court had jurisdiction under section 552.321 to consider whether the information Integrity requested was public information subject to disclosure. *See Kallinen*, 462 S.W.3d at 28.

We overrule HCAD's first issue.

**Disclosure Order**

In its second and third issues, HCAD argues that the trial court erred in concluding that the requested information is not excepted from disclosure by section 552.149 or section 552.110 of the PIA and ordering HCAD to disclose the information.

**A.    Standard of Review and Applicable Law**

"[W]hether information is subject to the [PIA] and whether an exception to disclosure applies to the information are questions of law" that we review de novo. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 357 (Tex. 2000) (plurality op.); *see R.R. Comm'n v. Tex. Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 624 (Tex. 2011). Our primary objective in construing the PIA is to give effect to the Legislature's intent. *See Galbraith Eng'g Consultants*, 290 S.W.3d at 867. The plain meaning of the text is the best expression of legislative intent unless a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results. *See Hughes*, 246 S.W.3d at 625–26.

As relevant here, the PIA defines "public information" as:

[I]nformation that is written, produced, collected, assembled, or maintained under a law or ordinance or in connection with the transaction of official business

(1) by a governmental body;

(2) for a governmental body and the governmental body:

    (A) owns the information;

    (B) has a right of access to the information; or

    (C) spends or contributes public money for the purpose of writing, producing, collecting, assembling, or maintaining the information . . . .

TEX. GOV'T CODE ANN. § 552.002(a). The PIA's exceptions to disclosure of public information, contained in Subchapter C of the PIA, "embrace the understanding that the public's right to know is tempered by the individual and other interests at stake in disclosing that information." *Cox*, 343 S.W.3d at 114 (citing TEX. GOV'T CODE ANN. ch. 552, subch. C.). However, "the [PIA] must be liberally construed in favor of granting a request for information and the exceptions must be narrowly construed." *Tex. Appleseed v. Spring Branch Indep. Sch. Dist.*, 388 S.W.3d 775, 778 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (first citing TEX. GOV'T CODE ANN. § 552.001(b) (PIA "shall be liberally construed in favor of granting a request for information"); then citing *City of Fort Worth v. Cornyn*, 86 S.W.3d 320, 329 (Tex. App.—Austin 2002, no pet.) (in keeping with requirement that PIA be liberally construed in favor of granting request, courts

13

consistently narrowly construe exceptions)); *see Jackson v. State Office of Admin. Hearings*, 351 S.W.3d 290, 299 (Tex. 2011) ("The Legislature has clearly expressed its intent that exceptions to disclosure [under the PIA] be construed narrowly.").

## B.    Analysis

HCAD argues that two exceptions apply to the deed document numbers and filing dates—the so-called "MLS exception" in section 552.149, and the trade secrets exception in section 552.110.   *See* TEX. GOV'T CODE ANN. §§ 552.110, 552.149.

> ### 1.    Did the trial court err in concluding that the information was not excepted from disclosure under section 552.149?

Section 552.149 of the PIA provides:

> Information relating to real property sales prices, descriptions, characteristics, and other related information received from a private entity by the comptroller or the chief appraiser of an appraisal district under Chapter 6, Tax Code,[3] is excepted from the [disclosure] requirements of Section 552.021.

TEX. GOV'T CODE ANN. § 552.149(a).   HCAD acknowledges that the deed document numbers and filing dates are publicly available information that PropertyInfo obtains from the Harris County Clerk, but argues that, because HCAD receives the information from PropertyInfo, a private entity, and not from

---

[3]    Chapter 6 of the Tax Code, specifically section 6.11, governs the purchasing and contracting authority of appraisal districts.  *See* TEX. TAX CODE ANN. § 6.11 (West 2015).

the Harris County Clerk, section 552.149 applies to prohibit HCAD from disclosing that information. Integrity argues that HCAD's reading of section 552.149 is too broad, noting that the statute is designed to protect only privately-generated information ("[i]nformation . . . from a private entity"), not public information that has been generated by one governmental body then provided to another by a private entity.

HCAD relies on several Attorney General decisions in support of its argument that the deed document numbers and filing dates are excepted from disclosure. But all of the decisions HCAD relies upon, save the one issued in this case, involved only requests for information appraisal districts had received from a MLS. It is undisputed that the information at issue here was not received from a MLS.

The Attorney General's ruling issued in response to HCAD's request in this case ruled that the requested information was excepted from disclosure under section 552.149. While the Attorney General's decision is not controlling, we are mindful that the Attorney General is tasked with "maintain[ing] uniformity in the application, operation, and interpretation" of the PIA. TEX. GOV'T CODE ANN. § 552.011; *see City of Dallas*, 304 S.W.3d at 384 ("Attorney General's interpretation of the [PIA] may be persuasive, [but] it is not controlling" on Texas courts). HCAD relies heavily upon this ruling, arguing that the Attorney General

has already resolved the issue of whether section 552.149 applies to the information requested by Integrity.

But the Attorney General's ruling itself noted it was "limited to the facts as presented [by HCAD] to [the Attorney General]," which was that the information Integrity requested "relates to real property sales and was provided to the district by a private entity." Tex. Att'y Gen. OR2014-00904. However, HCAD's written request for a ruling, which was admitted at trial, did not disclose three significant pieces of information to the Attorney General. HCAD did not disclose that the information Integrity requested was not generated by PropertyInfo and was, instead, public information PropertyInfo obtained from the Harris County Clerk. Nor did HCAD disclose to the Attorney General that it makes available on its website some of the information it receives via PropertyInfo, including the legal description of the property, the owner's name, the prior owner's name, the effective date of the transaction, and the property location or street address. Moreover, HCAD's representative testified that the deed document number and filing date for approximately 20 to 30 percent of HCAD's accounts is provided to HCAD from sources other than PropertyInfo, and thus would not be subject to the section 552.149 exception, even if the exception applied.

Because the Attorney General's ruling was limited to the facts as presented by HCAD, the ruling does not address the salient issue here—whether otherwise

public information provided to HCAD by PropertyInfo is excepted from disclosure. Accordingly, the Attorney General's decision lacks persuasive value.

The Legislature has directed that the PIA "shall be liberally construed in favor of granting a request for information," TEX. GOV'T CODE ANN. § 552.001(b), and thus we must narrowly construe section 552.149. *See Jackson*, 351 S.W.3d at 299 ("The Legislature has clearly expressed its intent that exceptions to disclosure be construed narrowly."); *see also Tex. Appleseed*, 388 S.W.3d at 778; *City of Fort Worth*, 86 S.W.3d at 329. The narrower construction of section 552.149 is the construction urged by Integrity—that section 552.149 was intended to protect privately-generated information that is not otherwise publicly available and is sold to a governmental body by a private entity. This is the construction most consistent with the legislative mandate to interpret the PIA in favor of granting a request for information. *See* TEX. GOV'T CODE ANN. § 552.001(b); *Jackson*, 351 S.W.3d at 299. We note also that evidence at trial showed that many appraisal districts in Texas already publicly disclose deed document information and filing dates associated with their accounts.

In sum, considering the text of section 552.149 and the Legislature's expressed intent regarding interpretation of the PIA, we conclude that section 552.149 does not except the information requested by Integrity from disclosure. Accordingly, we hold that the trial court did not err in so concluding.

**2. Did the trial court err in concluding that the information was not excepted from disclosure under section 552.110?**

Section 552.110 excepts from disclosure "[a] trade secret obtained from a person and privileged or confidential by statute or judicial decision." TEX. GOV'T CODE ANN. § 552.110(a). HCAD argues that "[n]otwithstanding that the information [Integrity] seeks[s] may be considered public information when sought directly from the Harris County Clerk, the information, when sought from HCAD, meets the definition of a trade secret as it is a compilation of information used in [PropertyInfo's] business." To determine whether a trade secret exists, the following six factors are weighed in the context of the surrounding circumstances: (1) the extent to which the information is known outside of the business; (2) the extent to which it is known by employees and others involved in the business; (3) the extent of measures taken to guard the secrecy of the information; (4) the value of the information to the business and to its competitors; (5) the amount of effort or money expended in developing the information; and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others. *In re Union Pac. R.R.*, 294 S.W.3d 589, 592 (Tex. 2009) (orig. proceeding) (per curiam).

The only evidence HCAD cites in support of its claim that the requested information is a trade secret is its own representative's testimony that HCAD receives property transaction reports from PropertyInfo containing the deed

18

document number and filing date. HCAD asserts, without any reference to the record or authority, that release of the requested information "would cause substantial competitive harm" to PropertyInfo. HCAD points to none of the evidence necessary to support a finding that the requested information constitutes a trade secret. Accordingly, we hold that the trial court did not err in concluding that section 552.110 does not except the information requested by Integrity from disclosure.

We overrule HCAD's second and third issues.

## Conclusion

Because the trial court did not err in concluding that the requested information was not excepted from disclosure by section 552.149 or section 552.110 of the PIA, we hold that the trial court did not err in ordering disclosure of the information. We affirm the trial court's judgment.


Rebeca Huddle
Justice

Panel consists of Justices Higley, Huddle, and Lloyd.