

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-24-00388-CV

---

City of Olmos Park, Texas, Appellant

v.

Brandon J. Grable, Appellee

---

On Appeal from the 45th District Court
Bexar County, Texas
Trial Court No. 2023CI25719

---

## MEMORANDUM OPINION[1]

---

[1] This case was transferred pursuant to the Texas Supreme Court's docket equalization efforts. Tex. Gov't Code Ann. § 73.001. We follow the precedent of the Fourth Court of Appeals to the extent it might conflict with our own. *See* Tex. R. App. P. 41.3.

Appellant, the City of Olmos Park, appeals the trial court's denial of its plea to the jurisdiction and motion for summary judgment. We affirm the denial of the plea to the jurisdiction and dismiss the appeal regarding the summary judgment.

## I. BACKGROUND

In September 2023, after the City conducted an operational assessment of its police department, it terminated the employment of its chief of police. Because the two events appeared to be related, Appellee Brandon J. Grable submitted a request to the City to produce the operational assessment. The City withheld the information pursuant to a decision from the Attorney General that the requested information was protected by the attorney-client privilege.

Grable then filed the underlying petition for mandamus with the 45th District Court of Bexar County seeking an order compelling the City to produce the requested information. The City filed a combined plea to the jurisdiction and motion for summary judgment. In its plea to the jurisdiction, it asserted that the trial court lacked jurisdiction because the Texas Public Information Act does not waive the City's governmental immunity from suit. In its motion for summary judgment, the City contended that it was entitled to judgment as a matter of law because the requested information was protected by the attorney-client privilege. After a non-evidentiary hearing, the trial court denied the City's plea to the jurisdiction and motion for summary judgment.

The City filed this interlocutory appeal, raising the same two issues it raised below: (1) whether governmental immunity was waived, giving the trial court has jurisdiction over Grable's mandamus suit and (2) whether the operational assessment is privileged information, entitling it to summary judgment as a matter of law.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

### A. Standard of review

"In Texas, sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). Cities, as political subdivisions of the State, are also entitled to this immunity, referred to as governmental immunity. *Reata Const. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006); Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(B) ("governmental unit" includes cities).

Immunity to suit can be raised by a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 225. The burdens of proof for a plea to the jurisdiction, like motions for summary judgments, "depend on the nature of the plaintiff's claim and how the government poses its jurisdictional challenge." *City of Austin v. Powell*, 704 S.W.3d 437, 447 (Tex. 2024). "For example, pleas to the jurisdiction may involve competing evidence, the denial of any probative evidence, or the assertion that the law compels a result regardless of the evidence." *Id.* Here, the parties do not dispute the relevant facts, only whether the statutory language waives governmental immunity. Whether those undisputed facts "affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law reviewed *de novo*." *Miranda*, 133 S.W.3d 226.

### B. Texas Public information Act

The goal of the TPIA is to guarantee and enforce transparency in governmental actions and decisions. In its own words:

> Under the fundamental philosophy of the American constitutional form of representative government that adheres to the principle that government is the servant and not the master of the people, it is the policy of this state that each person is entitled, unless otherwise expressly provided by law, at all times to complete information about the affairs of government and the official acts of public officials and employees. The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know. The people insist on remaining informed so that they may

retain control over the instruments they have created. The provisions of this chapter shall be liberally construed to implement this policy.

Tex. Gov't Code Ann. § 552.001.

In accordance with this policy, the TPIA provides a mechanism for the public to obtain information from a governmental body and challenge denials of that right. First, a requestor must submit a written request to the governmental body through its public information officer. *Id.* § 552.234. The City does not dispute that in September 2023, Grable submitted a request for the operational assessment of the Olmos Park Police department by email to the city manager.

If the governmental body believes that the requested information falls within an exception to mandatory disclosure, it "must ask for a decision from the attorney general about whether the information is within that exception if there has not been a previous determination about whether the information falls within one of the exceptions." Tex. Gov't Code Ann. § 552.301(a). After receiving Grable's request, the City submitted a request for an Attorney General decision about whether the requested information could be withheld due to the litigation exception, attorney-client privilege, or exception for an "interagency or interagency memorandum or letter that would not be available by law to a party in litigation with the agency." In November 2023, the Attorney General issued a decision that, based on the information provided by the City, the requested information was protected by the attorney-client privilege and excepted from disclosure.[2] *Id.* § 552.107.

The TPIA waives immunity to suit and allows a requestor to file suit in district court, seeking a writ of mandamus compelling disclosure of the requested information. *Id*. § 552.321. *Uvalde Consol. Indep. Sch. Dist. v. Tex. Tribune*, 720 S.W.3d 466, 479 (Tex. App.—San Antonio 2025, no pet.). There are three situations in which a requestor can file a mandamus action: when the governmental body refuses (1)"to request an attorney general's decision"; (2) "to supply public

---

[2] Because its ruling on the attorney-client privilege was dispositive, the Attorney General's decision did not address the other exceptions to disclosure cited by the City.

4

information"; or (3) to supply "information that the attorney general has determined is public information that is not excepted from disclosure[.]"). Tex. Gov't Code Ann. § 552.321(a). Whether the second circumstance—refusal to supply public information—applies is at issue in this appeal.

## III. ANALYSIS

### A. Plea to the jurisdiction

The City argues that to show that it *refused* to produce public information, thus waiving immunity under § 552.321, Grable had to show that the City was *unwilling* to supply it. The City reasons that it withheld the information not because it was unwilling to disclose it, but because it was complying with the Attorney General decision which ruled that the information was excepted from disclosure.

In support of its interpretation, the City cites *City of Galveston v. CDM Smith, Inc.*, which defined "refuse" to mean "show or express a positive unwillingness to do or comply with." 470 S.W.3d 558, 571–72 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (citing *City of El Paso v. Abbott*, 444 S.W.3d 315, 324 (Tex. App.—Austin 2014, pet. denied)). In *City of Galveston*, however, the dispute was whether requiring the requestor to pay the cost of production constituted a refusal to supply the information. *Id*. at 571. The court in that case was not faced with the question before us: whether withholding information in compliance with an Attorney General decision is a refusal that gives the trial court jurisdiction over a mandamus action. Furthermore, the City's argument does not take into account more recent caselaw.

In *Kallinen v. City of Houston*, the Texas Supreme Court considered whether § 552.321 waived immunity for a mandamus action when the City of Houston requested an Attorney General ruling, but one has not yet been issued. 462 S.W.3d 25, 27 (Tex. 2015). In that case, the Court rejected an interpretation of § 552.321 that "would relegate mandamus relief to compelling a governmental body to request an Attorney General's decision and then comply with it." *Id*. at 28.

Such an interpretation would mean that the Attorney General has the final say on the applicability of a TPIA exception but, as the Court noted, Attorney General rulings under the TPIA are judicially reviewed. *Id.* (citing *Tex. Dep't of Pub. Safety v. Cox Tex. Newspapers, L.P.*, 343 S.W.3d 112, 113 (Tex. 2011) and *In re City of Georgetown*, 53 S.W.3d 328, 329–36 (Tex. 2001)). It held that, even when the Attorney General has not issued a decision, the trial court had jurisdiction to consider whether information is subject to an exception to disclosure. *Id.* Because, as held by *Kallinen*, a trial court's jurisdiction under § 552.321 does not require an Attorney General ruling at all, then it would make no sense to condition jurisdiction on a ruling favorable to the requestor.

Following the *Kallinen* decision, the exact issue before us was raised in *Harris County Appraisal District v. Integrity Title Co., LLC*., 483 S.W.3d 62 (Tex. App.—Houston [1st Dist.] 2015, pet. denied). In that case Integrity requested deed document numbers and filing dates from HCAD. *Id.* at 64. HCAD requested and the Attorney General issued a decision that the information was excepted from disclosure under the TPIA. *Id.* at 65. Integrity filed a mandamus suit and HCAD, like the City here, argued that § 552.321 does not provide for judicial review when the governmental unit withholds information pursuant to an Attorney General ruling. *Id.* at 67. The court noted HCAD's reading of the statute would create the same problem *Kallinen* cautioned against—it would make the Attorney General decision unreviewable. The court held, consistent with the "underlying principle" of *Kallinen*, that the trial court has jurisdiction under § 552.321(a). *Id.* at 68. Other courts have held the same. *See Uvalde Consol. Indep. Sch. Dist.*, 720 S.W.3d at 475 (citing *Harris Cnty. Appraisal Dist.* and holding that the trial court had jurisdiction even though the school district withheld information in compliance with the Attorney General's ruling); *Sloan v. Conroy*, No. 07-18-00324-CV, 2019 WL 962084, at *2 (Tex. App.—Amarillo Feb. 27, 2019, pet. filed) (mem. op.) ("[A]n equitable action, such as a petition for a writ of mandamus, to force compliance with the statute is available, even if the attorney general issued an advisory

6

opinion indicating that the information was non-disclosable."); *Muir v. Univ. of Tex. at Austin*, No. 03-22-00196-CV, 2023 WL 4110843, at *4 (Tex. App.—Austin June 22, 2023, no pet.) (mem. op.) ("By seeking an attorney general's decision that it could decline to produce some of the requested material and then withholding some of the material based on that decision, the University was refusing to supply that portion of the public information.") *B.W.B. v. Eanes Indep. Sch. Dist.*, No. 03-16-00710-CV, 2018 WL 454783, at *5 (Tex. App.—Austin Jan. 10, 2018, no pet.) (mem. op.) ("We therefore conclude that the Texas Supreme Court has rejected essentially the same jurisdictional argument that EISD now makes—namely, that a TPIA requestor cannot challenge an adverse OAG opinion.").

We hold that the fact that the Attorney General determined that the operational assessment was privileged does not preclude a judicial determination about whether the information can be withheld. Immunity from suit was waived under § 552.321 of the TPIA because the City refused to supply public information. The trial court therefore properly denied the City's plea to the jurisdiction. The City's first issue is overruled.

### B. Motion for Summary Judgment

The City also appeals the denial of its motion for summary judgment, in which it argued that, as a matter of law, the requested information is privileged and excepted from disclosure under the TPIA. *Paxton v. City of Dallas*, 509 S.W.3d 247, 271 (Tex. 2017) (holding that attorney-client privileged information is excepted from disclosure under the TPIA). Only final orders can be appealed unless a statute permits an interlocutory judgment. *Thomas v. Long*, 207 S.W.3d 334, 338 (Tex. 2006); *Cherokee Water Co. v. Ross*, 698 S.W.2d 363, 365 (Tex. 1985). A denial of a motion

for summary judgment is not a final judgment and is therefore generally not appealable.[3] *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996).

An interlocutory ruling on a governmental unit's challenge to jurisdiction may be appealed, even when that challenge is raised in a motion for summary judgment. Tex. Civ. Prac. & Rem. Code § 51.014; *Thomas*, 207 S.W.3d at 339 ("The Legislature provided for an interlocutory appeal when a trial court denies a governmental unit's challenge to subject matter jurisdiction, irrespective of the procedural vehicle used."). However, there are no provisions allowing for the appeal of the denial of a motion for summary judgment that is based on the merits of the claim and not jurisdiction. *Uvalde Consol. Indep. Scho. Dist.*, 720 S.W.3d at 473 ("[A]ppellate review is generally confined to the trial court's ruling on governmental immunity and doesn't include review of the merits of the underlying claims."). Because the City's motion for summary judgment did not assert jurisdictional grounds, the denial of that motion is not appealable.

"When a party appeals from two interlocutory orders, only one of which is made appealable by statute, the proper course is to dismiss that portion which is non-appealable, and to rule on the portion from which an appeal may be taken." *Bobbitt v. Cantu*, 992 S.W.2d 709, 712 (Tex. App.—Austin 1999, no pet.). Accordingly, we dismiss the City's second issue for lack of jurisdiction.[4]

## IV. CONCLUSION

The trial court had jurisdiction to determine if the requested information met an exception to disclosure under the TPIA regardless of the Attorney General's ruling. We affirm the denial of the plea to the jurisdiction. Because the motion for summary judgment did not implicate jurisdiction, we dismiss the appeal of the trial court's denial of that motion.

---

[3] The exception to this rule, not applicable in this case, is when both parties move for summary judgment and the trial court grants one motion and denies the other. *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex. 2007).

[4] We sent notice to the parties of our intent to dismiss the second issue for lack of jurisdiction and provided an opportunity for the City to respond, which it has failed to do.

MARIA SALAS MENDOZA, Chief Justice

December 12, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.